**Affirmed and Opinion filed April 28, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00280-CV

**LEROY STROMAN, Appellant**

**V.**

**ROBERT RUSSELL TAUTENHAHN, INDEPENDENT EXECUTOR OF THE ESTATE OF ROBERT L. WRIGHT, DECEASED, Appellee**

**On Appeal from the County Court at Law No. 4**
**Brazoria County, Texas**
**Trial Court Cause No. CI48098**

# O P I N I O N

In this appeal we consider whether a party to a nonsuited case is entitled to attorney's fees. Because the party seeking attorney's fees had no pending request for affirmative relief when the case was nonsuited, we conclude that (1) this court has appellate jurisdiction; and (2) the trial court did not err in refusing to award fees. We affirm.

# I.    FACTUAL AND PROCEDURAL BACKGROUND

This appeal arises out of a dispute over real property.   Appellant Leroy Stroman, who began living on the property in 1994, claimed that Robert Wright devised the property to him in Wright's Last Will and Testament.  Seventeen years later, appellee Robert Russell Tautenhahn, Independent Executor of the Estate of Robert L. Wright, filed suit for forcible entry and detainer against Stroman in the justice court.  The justice court granted Tautenhahn possession of the property. Stroman appealed the justice court's order to the county court at law for trial de novo.

Tautenhahn filed a notice of nonsuit of all claims against Stroman on the day of trial.  The trial court held a hearing on Tautenhahn's notice of nonsuit and signed an order granting the nonsuit.  Shortly after the trial court signed this order, Stroman filed a motion in the trial court seeking attorney's fees.  In his motion, Stroman asserted that he orally requested attorney's fees at the non-suit hearing. Stroman also filed a motion requesting the trial court to reconsider its order granting nonsuit.  In this motion, Stroman argued that he had a pending request for attorney's fees when the nonsuit occurred because he filed an affidavit in support of his attorney's fees before Tautenhahn nonsuited the claims against him.   The trial court denied Stroman's motion to reconsider or reinstate. Stroman appealed.

## II.    ANALYSIS

Stroman asserts on appeal that he was entitled to an award of attorney's fees. The trial court determined that Stroman was not entitled to attorney's fees because there was no affirmative request for this relief pending before the trial court when Tautenhahn filed his notice of nonsuit and the trial court signed an order granting nonsuit.  Stroman contends that he had a live claim for attorney's fees pending when the trial court signed the order granting nonsuit.  Resolution of this issue

implicates whether this court has appellate jurisdiction over a final and appealable judgment or order.

The trial court's order granting Tautenhahn's nonsuit did not expressly resolve other claims; it also did not contain language demonstrating the trial court's intent to sign a final and appealable order or judgment. If Stroman had a pending claim for attorney's fees that was not resolved by the order granting nonsuit, then the order is interlocutory.[1] *See McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex. 2001) (judgment that did not dispose of the defendant's claim for attorney's fees was interlocutory); *Clark v. Pimienta*, 47 S.W.3d 485, 486 (Tex. 2001) (order was interlocutory because it did not actually dispose of all claims and parties and did not state with unmistakable clarity that it was a final judgment). If the nonsuit order is interlocutory, then this court lacks appellate jurisdiction because no exception applies to permit this court to review this interlocutory order on appeal. *See In the Interest of E.S.*, No. 14-14-00328-CV, 2015 WL 1456979, at *3 (Tex. App.—Houston [14th Dist.] Mar. 26, 2015, no pet. h.) (mem. op.). Thus, the jurisdictional issue and the merits analysis overlap.

**Did Stroman have a request for affirmative relief pending in the trial court before Tautenhahn filed his notice of nonsuit?**

A plaintiff may nonsuit at any time before introducing all of the plaintiff's evidence other than rebuttal evidence. Tex. R. Civ. P. 162. No court order is required. *Id.*; *see also Epps v. Fowler*, 351 S.W.3d 862, 868 (Tex. 2011). A nonsuit terminates a case from the moment the notice of nonsuit is filed. Tex. R. Civ. P. 162; *Epps*, 351 S.W.3d at 868. A plaintiff's nonsuit does not affect an opponent's pending claims for affirmative relief, attorney's fees, or sanctions. *See*

---

[1] Stroman asserts that the trial court did not rule on his requests for sanctions and attorney's fees in his response to Tautenhahn's motion to compel, but the record reveals that the trial court signed an order ruling on these requests.

*id.*; *Epps*, 351 S.W.3d at 868.

Stroman argues that he had a pending claim for attorney's fees when Tautenhahn filed a notice of nonsuit and the trial court signed the order granting nonsuit because (1) Stroman automatically was entitled to statutory attorney's fees; (2) Stroman's affidavit constitutes an affirmative request for attorney's fees; and (3) Stroman affirmatively requested attorney's fees in his motion for reconsideration. For reasons explained below, we reject these arguments.

### *Statutory Attorney's Fees*

Stroman asserts that he had a pending request for attorney's fees when the nonsuit occurred because an award of fees is automatic in these circumstances under statute. *See* Tex. Prop. Code Ann. § 24.006 (West, Westlaw through 2013 3d C.S.).

We review the trial court's interpretation of applicable statutes de novo. *See Johnson v. City of Fort Worth*, 774 S.W.2d 653, 655–56 (Tex. 1989). In construing a statute, our objective is to determine and give effect to the Legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000). If possible, we must ascertain that intent from the language the Legislature used in the statute and not look to extraneous matters for an intent the statute does not state. *Id*. If the meaning of the statutory language is unambiguous, we adopt the interpretation supported by the plain meaning of the provision's words. *St. Luke's Episcopal Hosp. v. Agbor*, 952 S.W.2d 503, 505 (Tex. 1997). We must not engage in forced or strained construction; instead, we must yield to the plain sense of the words the Legislature chose. *See id*.

Texas Property Code Section 24.006, entitled "Attorney's Fees and Costs of Suit," provides:

(a) Except as provided by Subsection (b), to be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.

(b) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord to recover attorney's fees, a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant.

(c) If the landlord provides the tenant notice under Subsection (a) or if a written lease entitles the landlord or the tenant to recover attorney's fees, the prevailing tenant is entitled to recover reasonable attorney's fees from the landlord. A prevailing tenant is not required to give notice in order to recover attorney's fees under this subsection.

(d) The prevailing party is entitled to recover all costs of court.

Tex. Prop. Code Ann. §24.006.

Stroman argues that recovery of fees is automatic because subsection (c) states that a prevailing tenant is not required to give notice to recover attorney's fees under the subsection. This subsection provides that a tenant is entitled to recover reasonable attorney's fees when the tenant prevails in an eviction suit if there is a provision in the written lease allowing the prevailing party to recover attorney's fees or if the landlord provides the tenant notice under section 24.006(a). Tex. Prop. Code Ann. § 24.006(c); *Washington v. Related Arbor Court, LLC*, 357 S.W.3d 676, 681–82 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Under this provision, the tenant has no corresponding obligation to notify the landlord that the tenant may be entitled to attorney's fees if the tenant prevails. *See* Tex. Prop. Code Ann. § 24.006(c).

5

We reject this contention because subsection (c) does not negate the tenant's obligation to request attorney's fees from the trial court. *See* Tex. Prop. Code Ann. § 24.006(c); *see also U.S. Bank Nat. Ass'n v. Farhi*, No. 05-07-01539-CV, 2009 WL 2414484, at *5 (Tex. App.—Dallas Aug. 7, 2009, no pet.) (mem. op.). Having grounds to seek attorney's fees is not the same as requesting attorney's fees. Likewise, being entitled to attorney's fees is not the same as seeking to recover them. A request for affirmative relief requires positive action — an "ask."

Stroman also asserts that he had a request for affirmative relief pending in the trial court because he is entitled to attorney's fees as a matter of law under Texas Property Code Section 92.005.

This section, entitled "Attorney's Fees," provides: "(a) A party who prevails in a suit brought under this subchapter or Subchapter B, E, or F may recover the party's costs of court and reasonable attorney's fees in relation to work reasonably expended." *See* Tex. Prop. Code Ann. § 92.005 (West, Westlaw through 2013 3d C.S.). Presuming for the sake of argument that Stroman could recover fees under Section 92.005, the statute does not require that the trial court automatically award a prevailing party fees *sua sponte.* Nor does the statute otherwise vitiate Stroman's obligation to request attorney's fees under this section. *See* Tex. Prop. Code Ann. § 92.005; *see also Statewide Hydraulics, Inc. v. EZ Management GP, LLC*, No. 14-13-01049-CV, 2015 WL 167160, at *9 (Tex. App.—Houston [14th Dist.] Jan. 13, 2015, no pet.) (noting that even if attorney's fees are mandated by statute, denial is appropriate in certain circumstances) (mem. op.). Because a request for attorney's fees is neither implied nor presumed under the statute, in the absence of an actual request for attorneys' fees, none will be considered "pending."

The statutory bases Stroman invokes do not establish the existence of a pending request for attorney's fees when the nonsuit occurred.

## *Attorney's Fee Affidavit*

Stroman next argues that his affidavit is in substance a motion for attorney's fees.[2]  Texas Rule of Civil Procedure 71, entitled "Misnomer of Pleading," provides: "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." *See* Tex. R. Civ. P. 71.  Under Rule 71, courts look to the substance of a document rather than the title to determine the relief sought, if any.  *See Surgitek, Bristol-Myers Corp. v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999).  Applying this standard, we conclude that Stroman's affidavit is not a motion for attorney's fees.

Stroman's notarized affidavit is entitled, "Affidavit of Attorney Fees." It reads in its entirety as follows:

> On this the 11th day of February, 2014, came on before me a person made known to me to be Veronica L. Davis who deposed on her oath and said:
>
> "My name is Veronia L. Davis.  I am the attorney of record for Leroy Stroman in the above referenced cause."
>
> "I have been licensed to practice law since 1986 and have practiced in Brazoria County and the surrounding areas during the past 24 years.  I am familiar with the fees charged in similar cases. The fees charged herein were reasonable and necessary.
>
> "Appellant believes that he is entitled to these fees pursuant to Texas Property Code §§ 92.005 and 24.006.
>
> "I have performed the work attached as Exhibit A, in connection with this case:[sic]
>
> Further affiant sayeth not.

Attached as an exhibit is a listing of Stroman's counsel's billed hours, expenses,

---

[2] The record reveals that the notice of nonsuit was filed before the trial court's hearing on the notice.  Accordingly, any oral motion for attorney's fees made at the hearing was not a pending claim for affirmative relief at the time Tautenhahn filed his notice of nonsuit.

7

and rates.

Stroman's affidavit is exactly what it purports to be – an affidavit attesting to the dollar value of attorney's fees. The affidavit is not itself a motion asking the trial court to award attorney's fees. Although Stroman's counsel attests that Stroman believes he may be entitled to fees pursuant to two Texas Property Code sections, the document does not make a request for attorney's fees or any other type of relief. The reference to fees does not communicate to the trial court or other parties that an award of fees is being requested.

We conclude that Stroman's affidavit does not establish the existence of a pending request for attorney's fees when the nonsuit occurred.

### *Motion for Reconsideration*

Stroman filed his motion for reconsideration after Tautenhahn filed his notice of nonsuit. Any request for affirmative relief contained in the motion for reconsideration could not have been pending before the trial court at the time of the nonsuit.

### III. CONCLUSION

Stroman did not have a request for affirmative relief pending in the trial court when Tautenhahn filed his notice of nonsuit. Therefore, the trial court's order granting nonsuit (1) resolved all claims then pending before the trial court; and (2) is final and appealable. Because Stroman did not have a request for affirmative relief pending when the nonsuit occurred, the trial court did not err in failing to award Stroman attorney's fees. Accordingly, we overrule Stroman's issue.

The judgment of the trial court is affirmed.


/s/        Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and McCally.