

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| JORGE A. SEGOVIANO, | § | No. 08-15-00190-CV |
| APPELLANT, | § | Appeal from the |
| V. | § | County Court at Law No. 5 |
| | § | |
| MARIA D. GUERRA, | § | of El Paso County, Texas |
| APPELLEE. | § | (TC# 2015-CCV-00386) |
| | § | |

## **O P I N I O N**

Jorge A. Segoviano appeals from an order dismissing his forcible detainer action against Maria D. Guerra for lack of jurisdiction. We affirm.

## **FACTUAL SUMMARY**

In May 1996, Jorge A. Segoviano and his wife purchased a manufactured home from Casa Mobile Homes and executed a 25-year promissory note to Green Tree Financial Servicing Corporation. Appellee, Maria D. Guerra, entered into a contract with the Segovianos in 2003 to purchase the mobile home and assume the promissory note. Title to the mobile home would not transfer to Guerra unless and until she made all payments due under the promissory note.

A dispute arose between the parties in late 2014 when Guerra allegedly stopped making payments due under the contract, and the Segovianos filed an eviction petition in the Justice Court, Precinct 5, of El Paso County. The Segovianos utilized a form petition and alleged as the

basis for eviction that Guerra had not paid rent for the months of April 2014 through December 2014. The Justice Court dismissed the suit for lack of jurisdiction. The Segovianos did not appeal.

Shortly after the Justice Court dismissed the eviction suit, the Segovianos sent a demand letter to Guerra for the unpaid amounts due under the contract. Guerra did not pay the amounts due or otherwise respond to the letter. On March 6, 2015, the Segovianos' attorney sent a second demand letter to Guerra. This letter informed Guerra that the Segovianos had canceled the contract and demanded that she vacate the mobile home. Attached to the demand letter was a written notice to vacate. Guerra did not vacate the mobile home.

On March 18, 2015, Jorge Segoviano filed a petition in the Justice Court for eviction of Guerra on the ground she is a trespasser.[1] Following a hearing, the Justice Court dismissed the case for lack of jurisdiction, and Segoviano filed notice of appeal to the County Court at Law. Guerra filed a motion to dismiss the appeal for lack of jurisdiction asserting that there was no landlord-tenant relationship between the parties and she had entered into a contract with the Segovianos assuming a promissory note for the purchase of the mobile home. On that same date, she filed suit against the Segovianos alleging breach of contract.[2] In response to Guerra's motion to dismiss, Segoviano argued that the contract with Guerra had been canceled, and the contract expressly provided that, after cancellation, Guerra would vacate the mobile home, and if she failed to do so, she would be a trespasser subject to a forcible detainer action. At the hearing on

---

[1] Lorena Segoviano is not named in the second forcible detainer action.
[2] The suit, which is styled *Maria Guerra v. Jorge Segoviano and Lorena Segoviano* and numbered 2015DCV1673, is pending in the County Court at Law No. 6 of El Paso County, Texas. Publicly available records reflect that the case is set for jury trial on April 17, 2017.

- 2 -

her motion to dismiss, Guerra argued that there was a dispute between the parties regarding title to the property. The County Court at Law granted Guerra's motion to dismiss. This appeal followed.

## JURISDICTION

In his sole issue, Segoviano contends that the County Court at Law erred by dismissing his forcible detainer action against Guerra for lack of jurisdiction. Guerra's brief includes the argument that a forcible detainer is not the appropriate cause of action because the mobile home is not real property. Sevogiano filed a reply brief, but he does not address Guerra's assertion that the mobile home is not real property.

Justice Courts have jurisdiction of forcible-detainer suits. TEX.PROP.CODE ANN. § 24.004 (West 2014)(providing that a justice court in the precinct in which the real property is located has jurisdiction in eviction suits); *Dormady v. Dinero Land & Cattle Company, L.C.*, 61 S.W.3d 555, 557 (Tex.App.--San Antonio 2001, pet dism'd w.o.j.)(op. on reh'g). In an appeal of a forcible detainer action from a justice court, the county court has jurisdiction of a forcible detainer suit. *Dormady*, 61 S.W.3d at 557; *see* TEX.R.CIV.P. 510.1 (providing that Rule 510 applies to a lawsuit to recover possession of real property under Chapter 24 of the Texas Property Code).

A person commits a forcible entry and detainer if the person enters the real property of another without legal authority or by force and refuses to surrender possession on demand. *See* TEX.PROP.CODE ANN. § 24.001 (West 2014). A forcible detainer action is utilized to recover possession of real property from a person who refuses to surrender possession on demand. *See*

TEX.PROP.CODE ANN. § 24.002 (West 2014). The purpose of this procedure is to determine the right to immediate possession of real property. *Dormady*, 61 S.W.3d at 557. Rule 510.3 provides that the court must adjudicate the right to possession and not title. TEX.R.CIV.P. 510.3(e). Thus, the only issue in a forcible detainer action is which party has the right to immediate possession of the real property. *Dormady*, 61 S.W.3d at 557.

Guerra argues that a forcible detainer action is not available because the manufactured home is personal property, not real property. Guerra generally alleged in her motion to dismiss that Segoviano had failed to allege sufficient facts to confer jurisdiction on the trial court of the forcible detainer action, but she did not specifically argue that the manufactured home is personal property. Nevertheless, the argument implicates the subject matter jurisdiction of the trial court and is a matter which may be raised for the first time on appeal. *See In re United Services Automobile Association*, 307 S.W.3d 299, 306 (Tex. 2010).

As already noted, a forcible detainer is only available to recover possession of real property. The evidence shows that the structure at issue in this case is a manufactured home. *See* TEX.OCC.CODE ANN. § 1201.003(18)(West Supp. 2016)("Manufactured home" or "manufactured housing" means a HUD-code manufactured home[3] or mobile home[4]). A manufactured home is personal property unless a statement of ownership for the home, issued under Section 1201.207 of the Occupations Code, reflects that the owner has elected to treat the home as real property, and a certified copy of the statement of ownership and location has been filed in the real property records in the county in which the home is located. *See*

---

[3] TEX.OCC.CODE ANN. § 1201.003(12)(definition of HUD-code manufactured home).
[4] TEX.OCC.CODE ANN. § 1201.003(20)(definition of mobile home).

- 4 -

TEX.PROP.CODE ANN. § 2.001(a),(b)(West 2014). If the mobile home is personal property, the proper cause of action to recover possession is not a forcible detainer, it is a trial of the right of property. *See* TEX.PROP.CODE ANN. § 25.001 (West 2014); *see Vela v. Gomez*, No. 04-01-00473-CV, 2002 WL 662161 (Tex.App.--San Antonio April 24, 2002, no pet.)(not designated for publication). A trial of the right of property must be tried in a court with jurisdiction of the amount in controversy. TEX.PROP.CODE ANN. § 25.001.

Segoviano had the burden to plead and prove that the County Court at Law had jurisdiction of his forcible detainer action. By statute, a manufactured home is personal property unless the statement of ownership for the home reflects that the owner has elected to treat the home as real property, and a certified copy of that statement has been filed in the real property records. Segoviano does not allege, and there is no evidence in the record reflecting that the manufactured home is real property. Further, Segoviano presented evidence to the County Court at Law showing that he and his wife have paid personal property taxes on the manufactured home each year from 2005 to 2015. These records reflect that the manufactured home has a personal property serial number.

Segoviano maintains that both the Justice Court and the County Court at Law had jurisdiction of the forcible detainer cause of action because the contract provided that if Guerra failed to vacate the property after cancellation of the contract, she would be a trespasser subject to a forcible detainer action. While parties may by agreement consent to personal jurisdiction and venue in a given court, subject matter jurisdiction exists by operation of law only and cannot be conferred merely by agreement of the parties. *See Dubai Petroleum Co. v. Kazi*, 12 S.W.3d

71, 76 (Tex. 2000)(explaining that subject-matter jurisdiction "exists by operation of law only, and cannot be conferred upon any court by consent or waiver"); *Burke v. Satterfield,* 525 S.W.2d 950, 953 (Tex. 1975)(holding that the subject matter jurisdiction of a court cannot be enlarged by an agreement between the parties or a request that the court exceed its powers).

In the absence of any evidence that the manufactured home is real property, the County Court at Law did not have subject matter jurisdiction of the forcible detainer action. Consequently, the trial court did not err by dismissing the forcible detainer action for lack of jurisdiction. We overrule the sole issue presented and affirm the judgment of the trial court.

January 13, 2017

                                        YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rodriguez, and Hughes, JJ.
Hughes, J., Not Participating