

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00110-CV

———————————————————

KEISHA DUKE, Appellant

V.

WILMINGTON SAVINGS FUND SOCIETY, FSB DBA CHRISTIANA TRUST AS
OWNER TRUSTEE OF THE RESIDENTIAL CREDIT OPPORTUNITIES
TRUST V, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-008057-1

Before Gabriel, Kerr, and Wallach, JJ.
Memorandum Opinion by Justice Wallach

## MEMORANDUM OPINION

In a forcible detainer action brought against Appellant Keisha Duke and others by Appellee Wilmington Savings Fund Society, FSB DBA Christiana Trust as Owner Trustee of the Residential Credit Opportunities Trust V (Wilmington), the trial court awarded possession to Wilmington. In three issues, Duke argues that (1) the trial court had neither subject matter jurisdiction over the case nor personal jurisdiction over her or the real property at issue, (2) Wilmington lacked standing and failed to prove its entitlement to judgment, and (3) the trial court's judgment is void because of fraud on the court. We affirm.

## Background

Wilmington filed in the justice court a petition for forcible detainer against "Claire Duke and Keenan Duke[1] and All Other Occupants" of 5924 Walden Trail, Arlington, Texas (the Property). The petition stated that Wilmington had purchased the Property at a foreclosure sale and that the foreclosure sale had occurred after a declaration of default and the giving of notices required by law. It further asserted that the defendants had been given notice to vacate as required by Texas Property Code Section 24.002 and the applicable deed of trust but that the defendants had failed to surrender the property. *See* Tex. Prop. Code § 24.002.

---

[1]In a September 19, 2019 memorandum opinion, we dismissed the appeals of Claire Duke and Keenan Duke for want of prosecution. *See Duke v. Wilmington Savings Fund Soc'y, FSB*, No. 02-19-110-CV, 2019 WL 4509214, at *1 (Tex. App.—Fort Worth Sept. 19, 2019, no pet.) (mem. op.).

With its petition, Wilmington attached a copy of the substitute trustee's deed indicating that Claire and Keenan Duke were grantors of a September 2007 deed of trust, that a foreclosure sale had occurred on September 4, 2018, and that Wilmington had purchased the Property at the sale for $204,434.10. It also attached an October 2016 "Home Equity Foreclosure Order" ordering that "Wells Fargo Bank, N.A., its successor or assigns" could foreclose on the Property. Duke filed a "Respondents Special Exception Demurrer" as her answer.

On October 2018, the justice court signed a judgment ordering that Wilmington recover possession of the Property from Claire, Keenan, and "All Occupants," and the case was appealed to the county court.[2] In the county court, Wilmington filed copies of September 7, 2018 letters sent by certified mail, return receipt requested, and by regular mail to Claire Duke, Keenan Duke, and "Occupant(s) and/or Tenant(s)," giving them notice to vacate the Property. *See id.* § 24.005.

The county court tried the case on March 22, 2019. That same day the court signed an order awarding possession of the Property and court costs to Wilmington. Duke now appeals.

---

[2]In the county court, Duke filed a "Notice Objection, Disqualification[,] and Recusal of Judge," objecting to Judge Don Pierson hearing the case, asserting among other grounds that the judge and opposing counsel "are members of the same private member associations known as the State Bar of Texas." Judge Pierson referred the objection to the presiding judge of the administrative judicial region, who denied it.

## Discussion

We begin by pointing out that, aside from one reference to the Texas Property Code (which we address next), Duke's brief is devoid of citations to relevant authority[3] and contains no substantive analysis of her issues. Her brief also fails to make citations to the record. "When an appellate brief does not contain citations to appropriate authority in support of an argument made in the brief, the argument does not meet the requirements for appellate briefs and is considered waived." *In re Guardianship of Thomas*, No. 02-08-299-CV, 2009 WL 670187, at *1 (Tex. App.—Fort Worth Mar. 12, 2009, no pet.) (mem. op.). We understand the difficulties that a pro se litigant faces in preparing a brief without the assistance of counsel, but in order to treat all parties equitably, we are obliged to hold pro se litigants to the same standards as licensed attorneys. *See id.*

We notified Duke that her brief failed to comply with the Texas Rules of Appellate Procedure because it did not contain clear and concise arguments for the contentions made, with appropriate citations to legal authorities and to the record, and we gave her the opportunity to file an amended brief. *See* Tex. R. App. P. 38.1(i).

---

[3]In her statement of facts, Duke cites to several federal statutes that have no apparent relevance to the procedure for or the merits of a forcible detainer action. *See* 18 U.S.C.A. §§ 1510 (making it an offense to obstruct an investigation of a violation of a federal criminal statute), 1513 (providing for an offense for retaliating against a witness), 1621 (relating to perjury); 31 U.S.C.A. §§ 3729–3733 (providing that the federal government may recover civil penalties from a person who makes false claims against the government). Duke does not explain how they support her issues on appeal.

4

Duke filed a corrected brief, but it, too, fails to comply with briefing requirements. Duke has therefore waived her arguments on appeal.[4] *See Guardianship of Thomas*, 2009 WL 670187, at *1. We nevertheless briefly address her primary arguments below, or at least what we perceive her arguments to be.

## I.     The County Court's Jurisdiction

In her first issue, Duke states that Wilmington "brought a petition for Forcible Detainer under Texas Property Code section 24.001 after a supposed 'foreclosure sale' of [Duke's] property. However, the trial court erred by assuming personal and [subject matter] jurisdiction where none was established on the record." More specifically, Duke argues that if a manufactured home is personal property, it is not subject to the Texas Property Code; that, assuming her property "might be considered" manufactured housing, it is therefore not subject to the Texas Property Code; and that because no documents "supporting this claim exist on the record or anywhere else," the county court did not have either personal or subject matter jurisdiction. *See Segoviano v. Guerra*, 557 S.W.3d 610, 614 (Tex. App.—El Paso 2017, pet. denied) (noting that by statute a manufactured home is personal property unless

---

[4]This court may determine whether the trial court had subject matter jurisdiction even without briefing by a party. *See Hall-Bey v. Wallace*, No. 01-18-00112-CV, 2019 WL 922063, at *1 (Tex. App.—Houston [1st Dist.] Feb. 26, 2019, pet. denied) (mem. op.). However, the face of the record before this court demonstrates no defect in subject matter jurisdiction. To the extent Duke's argument relies on evidence presented at trial, she has waived that argument. *See Sanchez v. Garcia*, No. 05-13-01020-CV, 2014 WL 2921698, at *1 (Tex. App.—Dallas June 25, 2014, no pet.) (mem. op.).

the owner has elected to treat the home as real property and filed a specific document reflecting that election in the county property records). Duke also challenges jurisdiction as part of her second issue, asserting that "[w]hen jurisdiction is challenged it must be proven on the record by the plaintiff."

A county court has subject matter jurisdiction over appeals from forcible detainer actions tried in justice courts. *See* Tex. R. Civ. P. 510.9(a), 510.10(c); *Gonzalez v. Wells Fargo Bank, N.A.*, 441 S.W.3d 709, 712 (Tex. App.—El Paso 2014, no pet.). Further, while Duke is correct that a forcible detainer action is not available to recover personal property, *see Segoviano*, 557 S.W.3d at 614, the record does not show that the Property is personal property. As we discuss below, Duke failed to designate or pay for the reporter's record, and thus the record before us does not include the evidence, if any, presented at trial to demonstrate that the Property is manufactured housing constituting personal property. What the record does include is both the substitute trustee's deed from the foreclosure sale and the order allowing the home equity loan foreclosure, both of which indicate that the Property is real property. Accordingly, Wilmington met its burden to show that the county court had subject matter jurisdiction over its forcible detainer action. *See id.* Duke, on the other hand, failed to bring a reporter's record to support her argument that the Property is personal property, and she has therefore waived any argument that relies on establishing that fact. *See Sanchez*, 2014 WL 2921698, at *1 (holding that by failing to bring a reporter's

record, the appellant waived any issues that turn on the evidence at trial, including the appellant's complaint that the trial court lacked personal jurisdiction).

We overrule Duke's first issue and the part of her second issue that challenges the county court's jurisdiction.

## II.     Forcible Detainer Evidence

Duke asserts in her second issue that "[t]here is no proof of damages nor a valid contract on the record that show [she] and her property are subject to Texas Property Code[ ] and therefore has a duty to perform for the Appellee's court wishes," and "[w]ithout a verified proof of claim for damages or contract[,] Appellee has no standing to bring a claim and therefore the petition should be dismissed for failure to state a claim upon which should be granted." Under this issue, Duke argues that neither she "nor her property are subject to the Texas Property Code." She further argues that Wilmington failed to establish standing.

We have already addressed Duke's argument that the Property is not subject to the Texas Property Code. As for her argument that Wilmington failed to provide a "verified proof of claim for damages or contract," it is likewise ineffective. Duke claims that "[t]here is not and has never been any probable cause, as in a breach of contract, to support this frivolous filing" and that "[t]his 'False Debt' claim against [her] has been created out of thin air" without any "verified claim, witness testimony, jury[,] or other constitutional prerequisites of due process." However, Wilmington

7

did not need to prove a breach of contract or money damages to prevail in its forcible detainer action.

In a forcible detainer action, the only issue "is which party has the superior right to immediate possession." *Jimenez v. McGeary*, 542 S.W.3d 810, 812, 814 (Tex. App.—Fort Worth 2018, pet. denied) (noting that "[n]o contract is required for a party to be subject to a forcible-detainer action"); *see also Manley v. Bank of Am., N.A.*, No. 01-18-00080-CV, 2018 WL 6696492, at *4 (Tex. App.—Houston [1st Dist.] Dec. 20, 2018, pet. denied) (mem. op.) (noting that "a formal contract between a purchaser at a foreclosure sale and an occupant of the subject property is not required for the occupant to be subject to a forcible detainer action"). The clerk's record contains evidence that Wilmington purchased the Property at a foreclosure sale and that it provided Duke with notice to vacate as required by the Texas Property Code.

Duke makes no claim that she had a superior right to possession or that she provided any evidence of that superior right. If Wilmington failed to prove its entitlement to superior possession by producing evidence at trial or directing the trial court to the evidence already in its files, or if Duke presented evidence at trial that she, rather than Wilmington, had a superior right to possession, we do not have that evidence before us because we have no reporter's record of the trial. On June 3, 2019, we notified Duke that she had not made a designation for the reporter's record. We cautioned that she had ten days to make a designation to the court reporter and to provide this court with proof of designation, or else this court might consider and

8

decide only those issues that did not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). Despite that warning, Duke failed to request a reporter's record and to pay or make arrangements to pay for the reporter's record. Accordingly, on June 17, 2019, we notified Duke that we would decide only those issues that would not require a reporter's record for a decision.

"[W]ithout a reporter's record, an appellate court is unable to determine if sufficient evidence was submitted to support the trial court's judgment." *Sanchez*, 2014 WL 2921698, at \*1. When an appellant fails to bring a reporter's record, the appellant has waived any issues that depend on the state of the evidence, and this court must presume that sufficient evidence supported the trial court's order. *Id.* By failing to bring a reporter's record, Duke has waived an argument that the evidence demonstrated that she had a superior right to immediate possession, and we must presume that the record supports the county court's judgment. For the same reason, we reject Duke's complaint about the trial court's "selective admission of, and selective exclusion of, relevant evidence and testimony used to [p]rejudice the [county c]ourt against [her]."

Finally, we must also reject Duke's argument that Wilmington lacked standing to bring the forcible detainer action. The clerk's record shows that Wilmington presented the county court with evidence that it purchased the Property at a foreclosure sale. Wilmington alleged in its petition that it owns the Property, that it gave notice to vacate in compliance with the Texas Property Code, that the

9

defendants had failed to surrender possession, and that the defendants had therefore committed a forcible detainer. Because Wilmington alleged facts that, if true, would entitle it to relief, it had standing. *See Manley*, 2018 WL 6696492, at *3. Any evidence presented at trial that contradicted this evidence is not before this court.

We overrule Duke's second issue.

## III. No Evidence of Fraud upon the Court

In her third issue, Duke argues that the trial court's judgment was void due to fraud upon the court. Specifically, she asserts that "[f]raud upon the court . . . [o]ccurs when the judicial machinery itself has been tainted, such as when an attorney . . . is involved in the perpetration of a fraud or makes material misrepresentations to the court." She contends that "[a]s attorneys, and supposed officers of the court, the agents for [the law firm representing Wilmington]" were "privately hired Debt Collectors" and "[were] not persons authorized to enforce the Texas Property Code and to do so would be an 'Unauthorized Practice of Law' and a violation of Separation of Powers." She argues that "since they rel[ied] on allies in the court building to knowingly or unwittingly help uphold or ignore their fraud[,] they sent the constable to deposit an eviction notice on [her] property."

We are not entirely clear about what Duke argues under this issue. The clerk's record has an affidavit from a representative of BDF Holdings, LP., "an affiliated service provider" for the law firm representing Wilmington. That representative provided a business records affidavit sponsoring copies of the notices to vacate sent

10

to Duke and the other occupants of the Property. To the extent that Duke argues that BDF, acting as the agent of the law firm, had no authority to bring a forcible detainer action, the argument does not help her. The forcible detainer action was filed by an attorney with the firm representing Wilmington. To the extent that Duke argues that attorneys with the law firm representing Wilmington were acting as debt collectors and were therefore not authorized by law to bring a forcible detainer action, she cites no authority in support of this argument. *See* Tex. R. App. P. 38.1(i); *Guardianship of Thomas*, 2009 WL 670187, at *1. Finally, without a reporter's record, we cannot determine if any evidence at trial showed that Wilmington's attorney perpetrated a fraud upon the court. *Sanchez*, 2014 WL 2921698, at *1.

Duke's brief also includes definitions of "equitable estoppel," "estoppel by misrepresentation," and "estoppel by negligence." She does not, however, explain how these terms apply to this case; consequently, to the extent that she intends these definitions to constitute arguments in support of her issues, they are overruled.[5] *See* Tex. R. App. P. 38.1(i).

Finally, Duke contends that the attorney purporting to represent Wilmington in the county court failed to prove that he had been retained to represent Wilmington.

---

[5]As an appendix to her brief, Duke included a document she previously filed in this court titled, "Defendant's Estoppel of No Confidence." The document is vague and contains random assertions of law and citations to federal authority, none of which have any apparent relationship to the merits of or procedure for a forcible detainer action under Texas law. To the extent Duke relies on the arguments in this document as part of her issues, they are overruled. *See* Tex. R. App. P. 38.1(i).

In the county court, Duke filed a motion to show authority under Texas Rule of Civil Procedure 12. *See* Tex. R. Civ. P. 12. In response Wilmington's attorney filed an affidavit from Ron McMahan stating that he is Wilmington's CEO and that Wilmington had retained the attorney's firm to represent Wilmington in this matter. On appeal, Duke argues that McMahan is not Wilmington's CEO. The clerks' record contains no evidence to support Duke's assertion, and she refers to no such evidence in her brief. If Duke presented evidence on this point at trial, we have no record of it because Duke failed to bring the reporter's record. The only evidence on this matter that we have to review is McMahan's affidavit. We do not have the county court's ruling on Duke's motion, but because Wilmington's attorney continued to represent Wilmington in the proceedings, we will assume for purposes of this appeal that if the court ruled on the motion, the court overruled it. *See id.* On the record before us, we cannot say that the county court's ruling was erroneous. *See Boudreau v. Fed. Tr. Bank*, 115 S.W.3d 740, 742 (Tex. App.—Dallas 2003, pet. denied); *see also New Talk, Inc. v. Sw. Bell Tel. Co.*, 520 S.W.3d 637, 643 & n.2 (Tex. App.—Fort Worth 2017, no pet.) (reviewing de novo the trial court's denial of a Rule 12 motion, recognizing that some courts of appeals apply an abuse of discretion standard to rulings on Rule 12 motions, and noting that we did not need to decide the proper standard of review because even applying the more stringent de novo standard, we overruled the appellant's issues).

We overrule Duke's third issue.

## Conclusion

Having overruled Duke's issues, we affirm the trial court's judgment.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered: December 12, 2019