

# NUMBER 13-24-00032-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MICHAEL MOUNT,                                                          Appellant,

v.

CARL RODRIGUEZ,                                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 2
## OF JOHNSON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Chief Justice Contreras**

In this forcible entry and detainer case, appellant Michael Mount challenges the county court's final judgment of possession issued in favor of appellee Carl Rodriguez. *See* TEX. PROP. CODE ANN. § 24.001. By six issues, which we construe as five, Mount argues that (1) the county court's judgment "is void because it purports to award possession of personal property," (2) the trial court abused its discretion when it awarded

greater relief than Rodriguez requested or relief unsupported by the jury verdict, (3) the verdict is not supported by legally sufficient evidence, (4) the county court cannot issue a writ of possession "because the time to request a writ has long passed," and (5) the county court erred in granting Rodriguez attorney's fees against Mount. We affirm as modified in part and reverse and render in part.

## I.  BACKGROUND[1]

Rodriguez filed a forcible entry and detainer petition against Mount in the justice court, seeking possession of real property located in Burleson, Texas. Mount filed an answer and requested a jury trial. A jury trial commenced on June 20, 2023, at which both parties appeared pro se, and after which the justice court rendered judgment in favor of Rodriguez. Mount appealed to the county court for a trial de novo. *See* TEX. R. CIV. P. 510.10(c).

During two pretrial conferences, Mount alleged that he had medical issues and requested continuances. The county court granted both continuances and trial commenced on November 28, 2023. Mount did not appear at trial personally but instead called the court and again alleged that he had medical issues and he would be unable to attend. The court construed Mount's call as a motion for another continuance, which it denied. Trial continued without Mount present.

Rodriguez testified that his mother gave him the property at issue in 2022. The property has a "main residence" and a motor home on the premises. A copy of the general

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. §§ 22.220(a) (delineating the jurisdiction of appellate courts), 73.001 (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer).

2

warranty deed conveying the property to Rodriguez was entered into evidence. Rodriguez explained that he met Mount a couple of times "through the church" and noticed that he was "living in a van down the road." Rodriguez said he offered the motor home to Mount on the condition that Mount remove it from his property, and Mount agreed. Rodriguez testified that Mount came one day to take the motor home, but then moved into the motor home and "just never left."

Rodriguez delivered a notice to vacate to Mount, and Mount continued to stay in the motor home on the property. The notice to vacate was entered into evidence. Rodriguez also introduced evidence that Mount was evicted from other properties twice prior to moving into the motor home. A text message from Mount to Rodriguez was entered into evidence in which Mount stated that he had successfully kept one of his previous landlords "tied up in eviction court for 14 months."

The jury found in favor of Rodriguez. The county court rendered judgment and awarded possession of the property and motor home to Rodriguez. This appeal followed.

## II. SUBJECT MATTER JURISDICTION

By his first issue, Mount argues the county court did not have subject matter jurisdiction to grant Rodriguez possession of the motor home because it is personal property, and the possession of personal property cannot be litigated in a forcible-detainer action.

## A. Standard of Review & Applicable Law

Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Westbrook v. Penley*, 231 S.W.3d 389, 394 (Tex. 2007). Subject matter

3

jurisdiction cannot be waived and can be raised at any time, even for the first time on appeal. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). To determine the court's subject matter jurisdiction, we construe the pleading party's allegations in their favor, and examine the entire record when necessary. *Normand v. Fox*, 940 S.W.2d 401, 404 (Tex. App.—Waco 1997, no writ) (citations omitted).

"The only issue in a forcible detainer action is the right to actual possession of the premises." *Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013) (citing *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006)). Accordingly, "a forcible detainer is only available to recover possession of real property." *Segoviano v. Guerra*, 557 S.W.3d 610, 614 (Tex. App.—El Paso 2017, pet. denied); *see also Duke v. Wilmington Sav. Fund Soc'y*, FSB, No. 02-19-00110-CV, 2019 WL 6768124, at *3 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (mem. op.) ("[A] forcible detainer action is not available to recover personal property . . . ." (citing *Segoviano*, 557 S.W.3d at 614)). To recover possession of personal property, the proper cause of action "is not a forcible detainer, it is a trial of the right of property." *Segoviano*, 557 S.W.3d at 614; *see also* TEX. PROP. CODE ANN. § 25.001 ("A trial of the right of property is an action that applies only to personal property.").

**B.    Analysis**

Real property is generally defined as land and "anything growing on, attached to, or erected on it, excluding anything that may be severed without injury to the land." *Property – real property,* BLACK'S LAW DICTIONARY (12th ed. 2024); *San Antonio Area Found. v. Lang*, 35 S.W.3d 636, 640 (Tex. 2000) (citation omitted). Personal property is

generally defined as "[a]ny movable or intangible thing that is subject to ownership and not classified as real property." *Property – personal property*, BLACK'S LAW DICTIONARY (12th ed. 2024).

We agree with Mount that the motor home in this case is personal property. The record indicates that the motor home is a "Holiday Rambler mobile home" and has a Texas license plate number. Rodriguez testified that he intended Mount to remove the motor home from his property. The parties refer to the structure as a "motor home," which suggests that the structure is transportable and is not attached or affixed to Rodriguez's real property. *See id.*; *San Antonio Area Found.*, 35 S.W.3d at 640; *cf. Rourk v. Cameron Appraisal Dist.*, 305 S.W.3d 231, 236 (Tex. App.—Corpus Christi-Edinburg 2009, pet. denied) (holding recreational vehicles are personal property rather than real property under the Texas tax code).[2]

As previously stated, the sole issue in a forcible detainer action is to recover possession of real property. *See Coinmach Corp.*, 417 S.W.3d at 919; *Segoviano*, 557 S.W.3d at 614. Absent evidence that the motor home is real property, the county court did not have subject matter jurisdiction to grant possession of the motor home. *Cf. Segoviano*, 557 S.W.3d at 614–15 (holding that "the trial court did not err by dismissing the forcible detainer action for lack of jurisdiction" because there was no evidence in the

---

[2] Under the property code, a "manufactured home" is considered real property if: "(1) the statement of ownership and location for the home issued under [§] 1201.207, Occupations Code, reflects that the owner has elected to treat the home as real property"; and "(2) a certified copy of the statement of ownership and location has been filed in the real property records in the county in which the home is located." TEX. PROP. CODE ANN. § 2.001(b). However, there is no indication in this case that the motor home at issue is a "manufactured home" as defined in the occupations code or that the requirements of property code § 2.001(b) have been met. *See* TEX. OCC. CODE ANN. § 1201.003(18); *see also id.* § 1201.003(12)(C) (excluding recreational vehicles from the definition of "HUD-code manufactured home").

record that the manufactured home at issue was real property); *see also Melton v. Smith*, No. 12-18-00036-CV, 2018 WL 4214218, at *3 (Tex. App.—Tyler Aug. 22, 2018, no pet.) (mem. op.) (holding that the county court did not have jurisdiction to dispose of the property in a forcible detainer action because the structure at issue was a manufactured home or personal property). Thus, we agree with Mount that the trial court lacked jurisdiction to award possession of the motor home in this case, and we sustain his first issue.

Mount argues that we should dismiss the case "because the trial court's judgment is void for lack of subject[ ]matter jurisdiction." However, Mount only challenges the portion of the judgment awarding possession of the motor home. He does not challenge the county court's judgment awarding Rodriguez the right to immediate possession of the underlying real property, or any of the court's other findings. Under the Texas Rules of Appellate Procedure, we may "modify the trial court's judgment and affirm it as modified." TEX. R. APP. P. 43.2(b); *see Thomas v. Long*, 207 S.W.3d 334, 338–39 (Tex. 2006) ("[I]t is proper for a trial court to dismiss claims over which it does not have subject matter jurisdiction but retain claims in the same case over which it has jurisdiction." (citations omitted)). We modify the county court's judgment to delete the portion of the judgment awarding possession of the motor home to Rodriguez. We note that this modification has no effect on Rodriguez's entitlement to a writ of possession to the real property or on Rodriguez's power to evict Mount from his real property. *See* TEX. PROP. CODE ANN. § 24.0061.

6

By his second issue, Mount argues that the county court abused its discretion because it awarded greater relief than Rodriguez requested or awarded relief unsupported by the jury's verdict. Specifically, he argues that "Rodriguez did not request possession of the [m]otor[ ]home in his [p]etition or at trial" and the jury charge did not contain a finding of possession of the motor home. By his third issue, Mount argues that possession of the motor home was not supported by legally sufficient evidence because there was "no evidence . . . that Rodriguez was entitled to possession of the [m]otor[ ]home." Because we have already concluded that the county court lacked jurisdiction to award possession of the motor home, we overrule these issues as moot.

## III.    WRIT OF POSSESSION

On March 18, 2024, Rodriguez filed an "Emergency Brief" asking this Court to issue an order compelling the county court to issue a writ of possession in accordance with its judgment. We construe the "Emergency Brief" as an emergency motion for the immediate issuance of a writ of possession.[3] By his fourth issue, Mount challenges Rodriguez's emergency motion, arguing that, per Texas Rule of Civil Procedure 510.8, "[a] writ of possession must be requested and issued within sixty (60) days, or ninety (90) days with good cause, of the trial court's judgment entitling a plaintiff to a writ." TEX. R. CIV. P. 510.8(d). He argues that, because Rodriguez filed his emergency motion "one

---

[3] Rodriguez's emergency motion also argued that Mount's appeal is frivolous and requested that we issue sanctions. *See* TEX. R. APP. P. 45. "We impose sanctions only under those circumstances we find truly egregious." *Baker Hughes Oilfield Operations, Inc. v. Hennig Prod. Co.*, 164 S.W.3d 438, 448 (Tex. App.—Houston [14th Dist.] 2005, no pet.). Because we ultimately sustain two of Mount's issues, we do not find Mount's appeal particularly egregious or frivolous. We therefore decline to sanction him in this case and deny this motion.

hundred eleven (111) days after the [c]ounty [c]ourt's judgment," we cannot direct that court to issue the writ of possession.

The county court's final judgment states in part: "IT IS FURTHER ORDERED that [Rodriguez] shall have all writs of execution and other process issued which are necessary to enforce this judgment, including a writ of possession which may issue 10 days after this judgment is signed, for which let execution issue." And, the same rule of civil procedure states "[a] writ of possession must not issue if an appeal is perfected." *Id.* R. 510.8(d)(3). The county court therefore properly ordered a writ of possession, but the writ could not be issued during the pendency of this appeal. *See id.* Mount's fourth issue is overruled. In light of this conclusion, we also dismiss Rodriguez's emergency motion as moot.

## IV.    ATTORNEY'S FEES

By his last issue, Mount argues that the county court erred in awarding Rodriguez attorney's fees against him.

Texas law does not allow for an award of attorney's fees unless such recovery is provided for by statute or by contract between the parties. *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310 (Tex. 2006). Under the Texas Rules of Civil Procedure, damages in a forcible detainer suit may include "attorney['s] fees in the justice and county courts provided . . . that the requirements of [§] 24.006 of the Texas Property Code have been met." TEX. R. CIV. P. 510.11. Texas Property Code § 24.006 states in relevant part:

> [T]o be eligible to recover attorney's fees in an eviction suit, a landlord must give a tenant who is unlawfully retaining possession of the landlord's premises a written demand to vacate the premises. The demand must state that if the tenant does not vacate the premises before the 11th day after the

8

date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees. The demand must be sent by registered mail or by certified mail, return receipt requested, at least 10 days before the date the suit is filed.

TEX. PROP. CODE ANN. § 24.006.

Rodriguez's notice to vacate did not notify Mount that he may recover attorney's fees. Further, at no point before or during trial did Rodriguez request attorney's fees. In fact, Rodriguez specifically stated that he was not requesting attorney's fees during his testimony. Accordingly, we sustain Mount's last issue.[4] *See Stroman v. Tautenhahn*, 465 S.W.3d 715, 718–19 (Tex. App.—Houston [14th Dist.] 2015, review dism'd w.o.j.) (holding that the trial court did not err in refusing to award attorney's fees because plaintiff never requested attorney's fees prior to trial); *see also Heimlich v. Cook*, No. 14-22-00358-CV, 2023 WL 3596264, at *5 (Tex. App.—Houston [14th Dist.] May 23, 2023, no pet.) (mem. op.) (holding that landlord could not recover attorney's fees because his notice to vacate did not strictly comply with the requirements under Texas Property Code § 24.006(a)); *McElroy v. Teague Hous. Auth.*, No. 10-10-00009-CV, 2012 WL 149227, at *2 (Tex. App.—Waco Jan. 18, 2012, no pet.) (mem. op.) (holding that appellee was not entitled to attorney's fees because there was no evidence appellee complied with Texas Property Code § 24.006).

## V.    CONCLUSION

We modify the judgment to delete the award of possession of the motor home to Rodriguez. We reverse the trial court's award of attorney's fees against Mount and render

---

[4] On August 8, 2024, Mount filed a motion to strike Rodriguez's appellate brief. We dismiss this motion as moot.

9

judgment that Rodriguez take no attorney's fees. We affirm the judgment of the trial court as modified in all other respects.

DORI CONTRERAS
Chief Justice

Delivered and filed on the
28th day of August, 2024.

10