

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-24-00175-CV

_____

THELMA HERNANDEZ, APPELLANT

V.

DAVID ZUVIETA, APPELLEE

On Appeal from the County Court
Wheeler County, Texas
Trial Court No. 2136, Honorable Pat McDowell, Presiding

January 31, 2025

OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Thelma Hernandez, appeals from the judgment of the constitutional county court of Wheeler County that affirmed the justice court's denial of her "Petition: Eviction Case." Appellee David Zuvieta, appearing pro se, has filed a brief statement supporting affirmation of the county court's disposition. A reporter's record of the county court's trial de novo was not made, though we have trial-admitted exhibits.

We conclude the county court lacked subject matter jurisdiction to adjudicate the parties' title dispute over the real and personal property which underlie Hernandez's right-to-possession claim. We therefore vacate the judgment of the county court, dismiss the case, and dismiss this appeal for want of subject matter jurisdiction.

## Background

On a form petition for eviction, Hernandez sought eviction of Zuvieta from a specified county road address in Shamrock, Texas, where a manufactured home is located. She alleged Zuvieta owed her unpaid "rent" of $17,500 for March 2021 through February 13, 2024. Following a bench trial, the justice court rendered judgment that Hernandez take nothing.

Hernandez requested a trial de novo in county court. Zuvieta's form answer contained a general denial, verified denial, and affirmative defense. His verified denial[1] asked the court to deny Hernandez's relief "to give me the opportunity to keep my property since it's the only place I have to live in." As an affirmative defense, he claimed he had paid "$19,500 to Jesus Miguel Altamirano" on July 10, 2015.

Trial de novo was to the bench in April 2024. No court reporter was present, but admitted exhibits include:

- A bill of sale from Glen Turvaville to Hernandez for a 16x70 foot mobile home (2014, $4,000);

---

[1] *See* TEX. R. CIV. P. 93.

2

- A general warranty deed from Miguel Altamirano to Hernandez for 2.18 acres (January 2015);[2]

- A warranty deed with vendor's lien from Altamirano to Hernandez for five acres (July 2015);[3]

- Letters showing unpaid utility balances; and

- Over Hernandez's apparent objection, a January 13, 2024 notarized statement from Altamirano stating he and Zuvieta's "verbal agreement" in July 2015 "that due to [Zuvieta's] work situation and inability to be present for the purchase of property located in Shamrock, TX the property was registered under his significant other/the mother of his children's name."

On April 8, 2024, the county court rendered written judgment finding in favor of Zuvieta, upholding the justice court's decision. At Hernandez's request, the court filed findings of fact and conclusions of law. The court found that although record title had been listed in Hernandez's name only, both parties agreed that the purchase occurred "while they were together," and that Zuvieta provided the funds used for the purchases. The court also noted Altamirano's sworn document explaining that the property was registered under only Hernandez's name was due to Zuvieta's absence because of work duties. The court concluded the property was presumptively community property under the "inception of title rule," but that it lacked jurisdiction over property rights and divorce under Texas Government Code section 26.043 (providing a county court does not have jurisdiction, in lawsuits, among other things, for divorce and for recovery of land).

In her notice of appeal, Hernandez argued the county court misapplied the inception of title rule because overwhelming evidence shows that the parties were never

---

[2] This real property is found in of the Northwest Quarter of Section 56, Block 17, H&GN Ry. Co. Survey, Wheeler County, Texas.

[3] This parcel of land is in the same Northwest Quarter of Section 56 as the 2.15 acres.

3

married and that Zuvieta was married to another person. Moreover, she referred to the deeds evidencing her sole ownership of the property as proof of her right to determine possession.

In her brief, Hernandez argues the trial court erred in failing to award immediate possession "when Appellant presented sufficient evidence of ownership," and misapplied the inception of title rule because she was single when she purchased the mobile home and land. Hernandez recounts Zuvieta's trial testimony as being that both properties belonged to him because he paid for them but placed title in her name to hide them from his wife. Her version is that she merely allowed Zuvieta to live in the home conditioned on his paying utilities, which he failed to do.

**Analysis**

On our own motion we question our jurisdiction. *See Buffalo Royalty Corp. v. Enron Corp.*, 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ). Because our appellate jurisdiction depends on that of lower courts from which this appeal originated, we examine whether they possessed subject matter jurisdiction.

Justice courts and county courts (in de novo appeals) have exclusive jurisdiction over forcible detainer suits—a summary proceeding designed to determine only the right to immediate possession of property. *See* TEX. PROP. CODE ANN. § 24.004; *Roark v. Rice Capital, LLC Series 20*, No. 03-22-00514-CV, 2024 Tex. App. LEXIS 3613, at \*2 (Tex. App.—Austin May 24, 2024, no pet.) (mem. op.). However, they cannot adjudicate title to land. TEX. GOV'T CODE ANN. §§ 26.043, 27.031; *Roark*, 2024 Tex. App. LEXIS 3613, at \*2. While a title dispute alone does not defeat jurisdiction, these courts lack jurisdiction

4

when there exists a "genuine issue of title so intertwined with the issue of possession" that possession cannot be determined without first resolving title. *Flowers v. Invest Home Pro*, No. 01-21-00413-CV, 2023 Tex. App. LEXIS 124, at *3 (Tex. App.—Houston [1st Dist.] Jan. 10, 2023, no pet.) (mem. op.) (quoting *Yarbrough v. Household Fin. Corp. III*, 455 S.W.3d 277, 280 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).[4]

Here, despite Hernandez's characterization of this as a simple eviction case, the record reveals that determining possession first necessarily requires resolving competing claims of ownership. Zuvieta provided specific evidence of a title dispute through both his pleadings and evidence. He asserted ownership in his verified denial, claimed he paid for the property, and introduced Altamirano's statement explaining why title was placed in Hernandez's name instead of his own.[5]

Hernandez's own arguments—attacking the inception of title rule and emphasizing her record ownership—demonstrate that possession turns on ownership. Determining the parties' marital status at the time of purchase was necessary only to assess whether Hernandez, alone, or with Zuvieta has ownership interests in the property. Thus, determining marital status was a prerequisite to determining the title dispute, which itself was a prerequisite to resolving the right to immediate possession. The lower courts therefore lacked subject matter jurisdiction. *Yarbrough*, 455 S.W.3d at 280.

---

[4] Moreover, "An affirmative defense raised in a defendant's pleadings may indicate a title dispute that the justice or county court cannot resolve apart from determining title." *Flowers,* 2023 Tex. App. LEXIS 124, at *4.

[5] Hernandez complains that Zuvieta's sworn statement by Altamirano constitutes "hearsay." Absent a record of proceedings, however, we cannot determine whether Appellant made a timely objection to the document's admission. *See* TEX. R. EVID. 103; TEX. R. APP. P. 33.1(a). Nor can we determine, in view of the entire record, whether such admission probably caused the rendition of an improper judgment. TEX. R. APP. P. 44.1(a)(1).

5

Further, even if Hernandez's possession claim rests on her ownership of the manufactured home, the courts still lacked subject matter jurisdiction. A forcible detainer action is only available to recover possession of *real property*. *Segoviano v. Guerra*, 557 S.W.3d 610, 614 (Tex. App.—El Paso 2017, pet. denied). Conversely, a manufactured home is *personal property*—unless a statement of ownership reflects the owner elected to treat it as real property and that statement was filed in the county real property records. *Id.*; *Melton v. Smith*, No. 12-18-00036-CV, 2018 Tex. App. LEXIS 7413, at *7 (Tex. App.— Tyler Aug. 22, 2018, no pet.) (mem. op.) (citing TEX. PROP. CODE ANN. § 2.001(a),(b); TEX. OCC. CODE ANN. § 1201.222). No such evidence appears in this record. Accordingly, the subject matter jurisdiction available for forcible detainer suits was inapplicable for a claim that Hernandez owned the manufactured home. *See Segoviano*, 557 S.W.3d at 615.

## Conclusion

In sum, we conclude it was not possible for the lower courts to resolve the right-to-possession issue without first adjudicating title to the property, a determination not within the jurisdiction of either court. We therefore vacate the county court's judgment and dismiss the case. *See* TEX. R. APP. P. 43.2(e). Because our jurisdiction extends no further than that of the court from which appeal was taken, we also dismiss this appeal. *See Mendoza v. Murrieta,* No. 07-16-00010-CV, 2016 Tex. App. LEXIS 12012, at *12 (Tex. App.—Amarillo Nov. 7, 2016, no pet.) (mem. op.) (citing TEX. R. APP. P. 43.2(f)).

Lawrence M. Doss
Justice