Martha Hill Jamison, Justice
In this interlocutory appeal, William Reeves challenges the trial court's denial of his motion to dismiss based on the Texas Citizens' Participation Act (TCPA).[1] He specifically contends that the trial court improperly denied the motion on the grounds that it was filed to avoid discovery and to avoid contractual obligations. Our review of the record indicates that the trial court failed to analyze the motion on its merits under the framework required by the TCPA. Accordingly, we reverse the trial court's order denying the motion and remand this case for proceedings consistent with this opinion.
Background
Harbor America Central, Inc., provides staff leasing and human resources services to other companies. Reeves began working for Harbor America as an independent contractor. Just over a year later, Reeves was hired as Harbor America's regional sales leader, and he was promoted a few years later to national sales leader.
Reeves signed an employment agreement with Harbor America that includes provisions entitled "Covenant Not to Solicit" and "Confidential Information." In the Covenant Not to Solicit, Reeves agreed, in relevant part, that "while employed by [Harbor America] and ... for a period of one ... year following the termination of his employment," defined as the "Non-Solicitation Period," Reeves would not "solicit the business of, or perform services, in competition with or in a manner that could reasonably be expected to adversely affect [Harbor America] ... or otherwise interfere with [Harbor America's] relationship with, any [c]lient, or prospective [c]lient at any time during the Non-Solicitation Period." Reeves also agreed during the Non-Solicitation Period and "thereafter for as long as [he remained] a consultant to [Harbor America]" not to "hire or solicit any employee, consultant, or independent sales agent of [Harbor America] away from the [c]ompany or encourage any such [person] to leave such employment or relationship."
The Confidential Information provision prohibited Reeves from disclosing to anyone or using for his own purposes or for anyone else Harbor America's confidential information, including "trade secrets 'know-how' and other proprietary information and processes" during the Non-Solicitation Period.
*392 Reeves and Harbor America subsequently agreed in 2014 to an addendum to the employment agreement that extends the term of the employment agreement and "governs Reeves as an independent contractor, not as an employee." Under the addendum, Reeves was to be paid "as an independent contractor."
Reeves resigned from Harbor America in 2016 and started his own competing company, Harvest Works Consulting, LLC. Reeves subsequently sued Harbor America for breach of contract, alleging that Harbor America had not paid him commissions he was owed under the employment agreement. Harbor America counterclaimed for breach of contract, misappropriation of trade secrets, conversion, and breach of fiduciary duty of loyalty.[2]
Harbor America alleges that it reviewed Reeves's "emails and other communications" and discovered that "prior to his resignation," Reeves made plans with another Harbor America employee, David Fender, to develop a company akin to Harvest Works. According to Harbor America, "Reeves expressly discussed his partnership with Fender, Fender's involvement in establishing the [new company] and in developing producers and customers." Harbor America further alleges that one of its largest customers left for Harvest Works and "Reeves has solicited Harbor America's business and/or competed against Harbor America in partnership with or indirectly through Fender and Harvest Works."
Reeves filed a motion to dismiss Harbor America's counterclaims under the TCPA, alleging that the counterclaims are based on, relate to, or are in response to Reeves's right to associate with others in that the counterclaims "center upon Reeves's communications with ... Fender as they allegedly promote and pursue their common interest in developing a competing business." Reeves also alleged that the counterclaims must be dismissed because Harbor America could not establish by clear and specific evidence a prima facie case for each element of the claim in question. Reeves sought attorney's fees, costs, and sanctions against Harbor America.
The trial court denied the motion to dismiss before Harbor America responded. In its order, the trial court stated the following in a footnote:
This motion is set for oral argument ... but the court is taking it up now because no oral argument or briefing is required, and further because the motion is being used as an excuse not to participate in discovery ordered by the Court and agreed to by the parties in a binding Rule 11 agreement. The [TCPA] as a matter of law does not allow a party to avoid contractual obligations such as the ones at issue here.
Discussion
Reeves argues that the trial court erred in denying the motion to dismiss in failing to (1) analyze whether Reeves met his initial burden under the TCPA to show that Harbor America's counterclaims relate to the right of association, (2) conclude that Reeves met this burden, and (3) conclude that Harbor America, in not responding to the motion, did not meet its burden to establish a prima facie case on each element of its claims by clear and specific evidence.[3]
*393 The TCPA protects citizens from retaliatory lawsuits that seek to silence or intimidate them on matters of public concern. In re Lipsky , 460 S.W.3d 579, 586 (Tex. 2015) (orig. proceeding); see generally Tex. Civ. Prac. & Rem. Code §§ 27.001 -.011. The statute is an anti-SLAPP law, with "SLAPP" being the acronym for "Strategic Lawsuits Against Public Participation." Fawcett v. Grosu , 498 S.W.3d 650, 654 (Tex. App.-Houston [14th Dist.] 2016, pet. denied). The purpose of the statute is to identify and summarily dispose of lawsuits designed only to chill First Amendment rights, not to dismiss meritorious lawsuits. Lipsky , 460 S.W.3d at 589 ; see also Tex. Civ. Prac. & Rem. Code § 27.002.
The TCPA provides a two-step process to expedite the dismissal of a "legal action" that is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association." Tex. Civ. Prac. & Rem. Code § 27.003(a). First, the movant seeking dismissal under the TCPA must show "by a preponderance of the evidence that the [nonmovant's] legal action is based on, relates to, or is in response to the [movant]'s exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Id. § 27.005(b); Lipsky , 460 S.W.3d at 586-87. Second, if the movant makes that showing, the burden shifts to the nonmovant to establish "by clear and specific evidence a prima facie case for each essential element of the claim in question" to avoid dismissal.[4] Tex. Civ. Prac. & Rem. Code § 27.005(c) ; Lipsky , 460 S.W.3d at 587.
The evidence the trial court must consider in "determining whether a legal action should be dismissed" under the TCPA expressly includes "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). "[T]he TCPA contemplates primary reliance on such proof." Lona Hills Ranch, LLC v. Creative Oil & Gas Operating, LLC , No. 03-17-00743-CV, 549 S.W.3d 839, 845, 2018 WL 1868054, at *3 (Tex. App.-Austin Apr. 19, 2018, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 27.006(a) and Hersh v. Tatum , 526 S.W.3d 462, 467 (Tex. 2017) ("The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations.... When it is clear from the plaintiff's pleadings that the action is covered by the [TCPA], the defendant need show no more.") ).
Once a TCPA motion to dismiss has been filed, "all discovery in the legal action is suspended until the court has ruled on the motion," with the exception of "specific and limited discovery relevant to the motion" that may be allowed by the court on its own or a party's motion and upon a showing of good cause. Tex. Civ. Prac. & Rem. Code §§ 27.003(c), 27.006(b) ; see also Paulsen v. Yarrell , 537 S.W.3d 224, 231 (Tex. App.-Houston [1st Dist.] 2017, pet. denied).
In construing the TCPA and determining its applicability, we review statutory *394 construction issues de novo. See Lippincott v. Whisenhunt , 462 S.W.3d 507, 509 (Tex. 2015) (per curiam); Toth v. Sears Home Improvement Prods., Inc. , No. 14-17-00615-CV, --- S.W.3d ----, ----, 2018 WL 2139285, at *4 (Tex. App.-Houston [14th Dist.] May 10, 2018, no pet. h.). Likewise, we review de novo whether claims are covered by the TCPA. Toth , --- S.W.3d at ----, 2018 WL 2139285, at *4. Under the de novo standard, we make an independent determination and apply the same standard used by the trial court in the first instance. Id.
I. Did the trial court deny the motion to dismiss without following the framework prescribed by the TCPA?
Reeves argues the trial court improperly denied the motion to dismiss on the grounds that Reeves filed the motion to avoid discovery and to avoid contractual obligations. Harbor America argues the trial court was entitled to deny the motion "because it was solely intended to delay completing discovery ordered by the court and agreed to by [Reeves's] counsel."
The trial court noted that (1) although the motion was set for hearing, the court would take it up without a hearing; (2) no "oral argument" or briefing was required; (3) the motion was being used as an excuse not to participate in discovery ordered by the court and agreed to by the parties; and (4) the TCPA "as a matter of law does not allow a party to avoid contractual obligations such as the ones at issue here." The order thus reflects that the trial court denied the motion because it was being used to avoid discovery and because the trial court concluded that the TCPA does not allow a party to avoid contractual obligations.
Avoiding Discovery . We first address whether a trial court, without considering the merits of a TCPA motion as required under the statute, may deny the motion based on a finding that it was filed for the purpose of delaying discovery. Harbor America argues the trial court was authorized to do so, relying on section 27.009(b) of the TCPA. See Tex. Civ. Prac. & Rem. Code § 27.009(b). That section allows the trial court to award court costs and reasonable attorney's fees to the nonmovant "[i]f the court finds that [the] motion ... is frivolous or solely intended to delay." Id . However, the 27.009(b) remedy is not a short-cut around the rest of the statute.[5]
In deciding whether to grant or deny a TCPA motion, the trial court first is required to determine whether the movant has shown by a preponderance of the evidence that "the legal action is based on, relates to, or is in response to the party's exercise of: (1) the right of free speech; (2) the right to petition; or (3) the right of association." Id. § 27.005(b). The trial court also is required to "consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Id. § 27.006(a).
Here, Reeves argued in his motion to dismiss that the counterclaims are based on, relate to, or are in response to Reeves's exercise of the right of association. The trial court did not determine that Reeves failed to make this showing by a preponderance of the evidence and expressly declined to consider the briefing ("no oral argument or briefing is required"). The trial court was required to conduct this analysis. See id. Without a determination that Reeves failed to meet his burden, there was no basis for the trial court to deny the motion. See *395 Lipsky , 460 S.W.3d at 587 (noting TCPA requires trial court to consider pleadings and any supporting and opposing affidavits to determine whether "defendant's constitutional rights are implicated and [whether] plaintiff has not met the required showing of a prima facie case") (citing Tex. Civ. Prac. & Rem. Code §§ 27.005, 27.006(a) ).
We conclude that without considering the merits of Reeves's motion to dismiss, the trial court could not properly deny his TCPA motion.[6] Accordingly, the trial court erred to the extent that it granted the motion on the basis that Reeves filed the motion to avoid participating in discovery.
Avoiding Contractual Obligations . The trial court also noted in its footnote that the TCPA "does not allow a party to avoid contractual obligations such as the ones at issue here." There is no indication on this record that the trial court applied the framework prescribed by the TCPA in reaching this conclusion.
Whether the TCPA allows a party to avoid contractual obligations is not the proper inquiry. As discussed, when a TCPA motion has been filed, the TCPA requires trial courts to determine whether a legal action is "based on, relates to, or is in response to a party's exercise of" the right of free speech, right to petition, or right of association and must be dismissed. Tex. Civ. Prac. & Rem. Code § 27.005(b). The trial court thus was required to determine, as Reeves alleged in the motion, whether the exercise of Reeves's right of association was implicated as to Harbor America's counterclaims. See id. This record indicates that the trial court did not do so: the trial court stated that it was taking the motion up without a hearing and "no oral argument or briefing [was] required" for the court to rule on the motion. There is no indication that the trial court considered the motion on the merits within the framework prescribed by the TCPA, by formal hearing or otherwise, and the motion was denied before Harbor America responded. See Duchouquette v. Prestigious Pets, LLC , No. 05-16-01163-CV, 2017 WL 5109341, at *4 (Tex. App.-Dallas Nov. 6, 2017, no pet.) (mem. op.) (holding that trial court had jurisdiction to consider TCPA motion and remanding because there was no indication in the record that trial court had considered motion when it was dismissed for lack of jurisdiction and nonmovants did not have opportunity to respond).
We conclude that the trial court was required to consider the merits of Reeves's motion to dismiss within the framework of the TCPA. The record demonstrates that the trial court failed to do so, as reflected in the trial court's order denying the motion, in which the trial court stated that it was taking up the motion without a hearing and "no oral argument or briefing is required."
We sustain Reeves's complaint that the trial court denied the motion without following the procedural requisites of the TCPA.
II. What is the appropriate remedy?
Reeves argues that he established Harbor America's counterclaims were *396 based on, related to, or in response to Reeves's exercise of the right of association. He further contends that because he met this initial burden and Harbor America, in failing to respond to the motion, did not establish by clear and specific evidence each element of its counterclaims, we should render judgment dismissing Harbor America's counterclaims with prejudice.[7] Harbor America asserts that if we decide the trial court improperly dismissed Reeves's motion, we should remand the case for a determination on the merits by the trial court. We agree with Harbor America.
The trial court denied the motion to dismiss before Harbor America responded. In this circumstance it is appropriate to remand the case to the trial court so that it can rule on the merits of the parties' arguments based on the motion and any response filed by Harbor America on remand. We have previously done so in similar circumstances.
In Hearst Newspapers, LLC v. Status Lounge Inc. , we held the trial court erred by denying the defendants' TCPA motions to dismiss as untimely. 541 S.W.3d 881, 893 (Tex. App.-Houston [14th Dist.] 2017, no pet.). The defendants asked this court to review the motions on the merits and "render the judgment the trial court should have rendered." Id. at 894. We concluded that the appropriate course was to remand the case to the trial court to rule on the merits of the motions and "make any related rulings that the court may deem necessary." Id. Our sister court similarly held, in a case in which the trial court erroneously dismissed a case for want of jurisdiction and thus did not rule on a pending TCPA motion, that the appropriate remedy was to remand the case to the trial court to allow the nonmovant to respond and allow the trial court to consider the motion on the merits. See Duchouquette , 2017 WL 5109341, at *4.
Likewise, here, the trial court denied the motion to dismiss without addressing the merits and before the nonmovant could respond to the motion. Thus, the appropriate remedy is to remand the case for further proceedings consistent with this opinion.
Conclusion
Having concluded that the trial court was required to consider the merits of Reeves's motion to dismiss within the prescribed framework of the TCPA and this record indicates that the trial court failed to do so, we reverse the trial court's order denying the TCPA motion and remand the case to the trial court for further proceedings.

Tex. Civ. Prac. & Rem. Code §§ 27.001 -.011; see also id. §§ 27.008, 51.014(a)(12) (authorizing interlocutory appeal of denial of chapter 27 motion to dismiss).

Harbor America amended its counterclaims and dropped its conversion claim, so the counterclaims of breach of contract, misappropriation of trade secrets, and breach of fiduciary duty of loyalty are at issue in this appeal.

Harbor America asserts that the trial court ruled before Harbor America had the opportunity to respond to the motion. Reeves does not dispute this fact. Because we conclude that the trial court did not analyze the motion on its merits under the required TCPA framework, we reverse and remand for the trial court to allow Harbor America to respond to the motion and for the trial court to consider the motion in accordance with the TCPA.

If the nonmovant meets that burden and the "legal action" would otherwise survive, the TCPA still allows the movant to obtain dismissal by "establish[ing] by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." Tex. Civ. Prac. & Rem. Code § 27.005(d).

We note that the trial court did not expressly make the finding that Harbor America claims, as the court does not cite or use the language of 27.009(b) in its order and did not award Harbor America court costs and attorney's fees.

Harbor America cites Miller v. Talley Dunn Gallery, LLC , No. 05-15-00444-CV, 2016 WL 836775 (Tex. App.-Dallas Mar. 3, 2016, no pet.) (mem. op.), to support its argument that section 27.009(b) allows a trial court to deny a motion for the sole reason "that [it] is frivolous or solely intended to delay." In that case, however, our sister court held that the movant waived his appellate argument that the trial court erred in determining that his motion to dismiss was frivolous. Id. at *16. The court of appeals did not hold that the trial court was not required to consider the merits of the motion to dismiss in concluding that it was frivolous or solely intended to delay.

Reeves also contends Harbor America's counterclaims are barred by the terms of the parties' employment agreements and thus there is no possibility that Harbor America can establish "a prima facie case for each essential element" of its counterclaims. We conclude the trial court should make this determination on remand and therefore decline to address this argument.