**Affirmed and Opinion filed November 17, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00512-CV

---

### ANTHONY G. BUZBEE, Appellant

### V.

### CLEAR CHANNEL OUTDOOR, LLC, AND SYLVESTER TURNER, Appellees

---

**On Appeal from the 281st District Court
Harris County, Texas
Trial Court Cause No. 2019-27094**

---

## O P I N I O N

Appellant Anthony G. Buzbee appeals the trial court's order dismissing his claims against appellees Clear Channel Outdoor, LLC, and Sylvester Turner under the Texas Citizens Participation Act ("TCPA").[1]   Turner and Buzbee were

---

[1] *See* Tex. Civ. Prac. & Rem. Code §§ 27.001-.011 (West 2015). The TCPA was amended in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, 2019 Tex. Gen. Laws 684. The 2019 amendments do not apply to this case, which was filed on April 17, 2019. *See id.*

candidates for mayor of the City of Houston in the November 2019 election. This dispute arises from several billboards appearing throughout Houston before the election. According to Buzbee, the billboards effectively constituted campaign propaganda for Turner under the guise of a public safety message, and appellees failed to properly document the billboards' value as a campaign contribution under the Election Code. Buzbee sued appellees for monetary damages and injunctive relief.

We are confronted at the outset with jurisdictional questions of standing and mootness. For reasons explained below, we agree with Buzbee that he established standing to assert all his claims, but we also conclude that his claim for injunctive relief has become moot. As to the propriety of dismissing Buzbee's monetary-damages claims under the TCPA, the dispositive question is whether a claimant, in responding to a TCPA motion to dismiss, may meet his prima facie burden by relying solely on the allegations in his petition. We hold that, to effectuate the Act's purpose of screening unmeritorious claims, the non-movant may not rely solely on the factual allegations in his pleading but must present evidence that is sufficient as a matter of law "to support a rational inference that an allegation of fact is true." *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Because it is undisputed that Buzbee presented no evidence to support his allegations other than the allegations themselves, we conclude the trial court did not err in granting appellees' TCPA motions to dismiss. Finally, we reject Buzbee's alternative argument that the trial court abused its discretion in not allowing Buzbee additional discovery.

We affirm the trial court's judgment.

---

§§ 11-12, 2019 Tex. Gen. Laws at 687 (providing that amendments apply to actions filed on or after September 1, 2019). We refer to the TCPA version applicable to this dispute.

## Background

Houston's mayor since 2016, Sylvester Turner ran for re-election in November 2019. Anthony G. Buzbee was also a candidate. Prior to the election—the record does not clarify precisely when or for how long—twenty-seven billboards in Houston promoted "AlertHouston," which Turner characterizes as "Houston's program to alert residents to emergency situations." The billboards displayed an image of Turner, alongside the phrases, "Be Prepared. Be Safe. Be Alert Houston," and a web address where interested persons could "sign up today." Appellee Clear Channel allegedly owned and operated the billboards in question.

In April 2019, Buzbee sued Turner and Clear Channel. Buzbee alleged that the billboards' message and appearance were intended to benefit Turner's re-election campaign and that the defendants individually or collectively violated campaign contribution laws under the Texas Election Code. Buzbee asserted, for example, that the billboards "blatantly promot[ed] Turner as a friendly, engaging, and accessible candidate [because] the color scheme of such billboards reasonably matches that of Mayor Turner's election propaganda . . . ," and that "[t]hese billboards [were] directly meant to influence the outcome of [the] upcoming Mayoral election by means of public advertising." Buzbee further alleged that Clear Channel and Turner unlawfully conspired to use the billboards as civic messaging to endorse and create support for Turner without identifying or reporting the billboards as a campaign contribution. This plan, Buzbee contended, resulted in "free (illegal) election advertisements" for Turner. Buzbee sought statutory damages under section 253.131 and injunctive relief under section 273.081.[2]

---

[2] Buzbee also alleged that he was entitled to damages under Election Code section 253.132, which governs liability to political committees, but he has abandoned that claim by not

3

Section 253.131 provides that a "person who knowingly makes or accepts a campaign contribution or makes a campaign expenditure in violation of this chapter is liable for damages as provided by this section." Tex. Elec. Code § 253.131(a). If the contribution or expenditure is in support of a candidate, "each opposing candidate whose name appears on the ballot is entitled to recover damages under this section." *Id.* § 253.131(b). If, alternatively, the contribution or expenditure is in opposition to a candidate, "the candidate is entitled to recover damages under this section." *Id.* § 253.131(c). The injunction provision, section 273.081, states that a "person who is being harmed or is in danger of being harmed by a violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring." *Id.* § 273.081.

Clear Channel and Turner separately filed motions to dismiss under the TCPA. Both defendants argued that Buzbee's claims were based on, related to, or in response to, the exercise of their rights of free speech and association. They also contended that Buzbee could not provide clear and specific prima facie evidence to support each element of his claims.

In response, Buzbee argued that the TCPA did not apply but, even if it did, he met his prima facie burden as the non-movant by pleading a sufficient factual basis for each element of his claims. Buzbee did not attach any affidavits or documentary evidence to support his allegations, but instead relied solely on his pleading. He also made a request for limited discovery if the court was inclined to grant dismissal.

---

briefing it on appeal. *See, e.g.*, *1993 GF P'ship v. Simmons & Co. Int'l*, No. 14-09-00268-CV, 2010 WL 4514277, at *6 (Tex. App.—Houston [14th Dist.] Nov. 9, 2010, no pet.) (mem. op.) (explaining that to preserve a ground for appellate review, a party must raise the ground in the trial court and present it on appeal).

4

During a hearing on the motions, and later in supplemental briefs, Clear Channel and Turner questioned the court's subject-matter jurisdiction. They made two jurisdictional arguments. First, they contended that Buzbee's claim for injunctive relief was moot because the billboards had been removed by the date of the hearing, June 6, 2019. Second, they argued that Buzbee lacked standing to claim injunctive or monetary relief. Regarding Buzbee's claim for damages under section 253.131, appellees argued in particular that, because the earliest date on which to apply to be a candidate on the ballot had not yet passed, Buzbee was not an "opposing candidate whose name appears on the ballot" and thus had no standing to pursue his claim for damages under subsection 253.131(b). In their supplemental briefs, the parties also expanded their respective arguments on the merits.

After receiving supplemental briefing, the trial court granted appellees' motions, dismissed Buzbee's claims without prejudice, and awarded Clear Channel and Turner each a lump amount for incurred attorney's fees, expenses, and sanctions, as well as conditional appellate attorney's fees.

Buzbee appealed. While the appeal was pending in this court, the election occurred and Turner won.

## Issues Presented

The grounds raised in appellees' TCPA motions to dismiss and supplemental briefs included: (1) lack of standing; (2) mootness; (3) TCPA applicability to the claims; and (4) lack of evidence supporting a prima facie case in support of the claims. The trial court granted the motions to dismiss without specifying reasons.

On appeal, Buzbee makes essentially three points, the first of which concerns jurisdiction. Buzbee asserts that he has standing to bring his claims

5

because a declared candidate for mayor like Buzbee has standing to seek redress for an opponent's alleged Election Code violations. In conjunction with his standing arguments, Buzbee also says that removal of the billboards does not make this case moot. Second, Buzbee contends that he may satisfy his prima facie burden to survive a TCPA motion to dismiss by relying solely on the allegations in his petition and he need not present any additional evidence. Third, Buzbee challenges the trial court's refusal to allow limited discovery before dismissing his claims.

## Analysis

### A.    Jurisdiction

As jurisdictional questions go to the heart of a court's power to decide a dispute,[3] we begin there. *See Unifund CCR Partners v. Villa*, 299 S.W.3d 92, 95 (Tex. 2009) ("First, we must address Unifund's argument that the trial court did not have jurisdiction over Villa's claim for sanctions, because if it did not, then we do not.") (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993)); *see also Nunu v. Risk*, 567 S.W.3d 462, 465 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

> 1.    *The proper framework for considering standing and mootness when raised in a TCPA motion to dismiss*

Turner's arguments raise a question as to the procedural framework applicable to jurisdictional challenges such as these that are raised in the context of a TCPA motion to dismiss. We must decide whether a TCPA motion is a proper vehicle to present jurisdictional arguments and whether we are constrained to analyze them within the TCPA's framework. In the trial court, Turner argued that the TCPA burden-shifting procedure applies to standing questions, and

---

[3] *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849 (Tex. 2005).

6

consequently Buzbee was obligated to present evidence of jurisdiction as part of his prima facie evidentiary burden under the TCPA. Turner repeats that argument on appeal at least regarding injunctive relief.[4]

Standing of course is an unwaivable component of subject-matter jurisdiction and may be raised at any time and in any manner. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000); *Blum v. Lanier*, 997 S.W.2d 259, 261 (Tex. 1999). Mootness may be related to standing. *Dallas Cty. Republican Party v. Dallas Cty. Democratic Party*, No. 05-18-00916-CV, 2019 WL 4010776, at *3 (Tex. App.—Dallas Aug. 26, 2019, pet. denied) (mem. op.). For a plaintiff to have standing, a controversy must exist between the parties at every stage of the legal proceedings. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). Whenever a court finds a lack of subject-matter jurisdiction, it must go no further and dismiss. *See Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553-54 (Tex. 2000); *In re St. Thomas High Sch.*, 495 S.W.3d 500, 506 (Tex. App.— Houston [14th Dist.] 2016, orig. proceeding) (trial court has no discretion and must dismiss the case as a ministerial act when it lacks subject-matter jurisdiction); *Stauffer v. Nicholson*, 438 S.W.3d 205, 214 (Tex. App.—Dallas 2014, no pet.). Such a judgment is, per force, not one "on the merits." *See Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017); *Galveston v. Galveston Mun. Police Ass'n*, No. 14-11-00192-CV, 2011 WL 4920885, at *5 n.3 (Tex. App.—Houston [14th Dist.] Oct. 18, 2011, no pet.) (mem. op.).

Courts have considered jurisdictional challenges raised by a number of different means, including: (1) pleas to the jurisdiction, *see Bland Indep. Sch. Dist.*, 34 S.W.3d at 554; (2) motions for summary judgment, *see Bell v. Moores*,

---

[4] Clear Channel's briefing below and in our court insists that Buzbee lacks standing and that the injunction request is moot, but it is silent as to whether Buzbee had to prove standing as part of his TCPA prima facie evidentiary burden.

7

832 S.W.2d 749, 752 (Tex. App.—Houston [14th Dist.] 1992, writ denied); (3) special exceptions, *see Wingate v. Hajdik*, 795 S.W.2d 717, 720 (Tex. 1990), *superseded by statute as stated in Sneed v. Webre*, 465 S.W.3d 169, 185 n.10 (Tex. 2015); (4) objections to capacity, *see El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied); and (5) on the court's own motion, *see Tex. Ass'n of Bus.*, 852 S.W.2d at 443.

Because standing may be raised at any time and in any manner, we agree that a court should and must consider the issue when raised in the context of a TCPA motion. However, it does not follow that a court must analyze jurisdiction using the TCPA burden-shifting procedure, a mechanism ill-suited for resolving whether a court is authorized to decide a controversy. To begin with, the TCPA is a procedural vehicle to address the merits of a claim. Nowhere does chapter 27 mention jurisdiction and nothing within its text discusses the possibility or propriety of dismissal due to jurisdictional defects. It is designed to accelerate the presentation of evidence to support the merits of a suit in those circumstances to which the act applies. *See Cavin v. Abbott*, 545 S.W.3d 47, 55 n.19 (Tex. App.—Austin 2017, no pet.) (act provides procedural mechanisms through which litigants may require "a threshold testing of the merits" of opponent's case) (internal quotation omitted). Unlike a dismissal for lack of standing, a dismissal under the TCPA is a judgment on the merits and carries res judicata implications. *See Better Bus. Bureau of Metro. Houston, Inc. v. John Moore Servs., Inc.*, 500 S.W.3d 26, 40 (Tex. App.—Houston [1st Dist.] 2016, pet. denied); *see also Maldonado v. Franklin*, No. 04-18-00819-CV, 2019 WL 4739438, at *2 (Tex. App.—San Antonio Sept. 30, 2019, no pet.) (mem. op.) ("Dismissal of a legal action under the TCPA is with prejudice to the refiling of the legal action."). The TCPA presupposes jurisdictional standing.

Accordingly, because a court is obliged to dismiss a lawsuit without reaching the merits when a plaintiff lacks standing, the absence of standing at the outset of a lawsuit deprives the court of jurisdiction to apply the TCPA at all. Appellees cite no authority in which a court has dismissed a claim on standing or mootness grounds because the plaintiff failed to present jurisdictional evidence as part of its prima facie case in response to a TCPA motion to dismiss.

Moreover, when arguing that Buzbee lacked standing or that his claims were moot, appellees sought dismissal on subject matter jurisdiction grounds, not on the merits. In their supplemental briefing below, both Turner and Clear Channel argued that the trial court lacked jurisdiction to hear the case because Buzbee lacked standing or the claims were moot, and they asked the court to dismiss the lawsuit for those reasons. We typically look to the substance of a motion and not its title to determine the relief sought and its effect. *Surgitek v. Abel*, 997 S.W.2d 598, 601 (Tex. 1999); *Stroman v. Tautenhahn*, 465 S.W.3d 715, 719 (Tex. App.—Houston [14th Dist.] 2015, pet. dism'd w.o.j.).

Because the TCPA focuses on the merits, and jurisdictional challenges do not, and because the form by which standing is raised typically is unimportant,[5] we construe the part of appellees' motions to dismiss presenting standing and mootness arguments as though they were raised in a dilatory plea, like a plea to the jurisdiction. *See In re C.M.C.*, 192 S.W.3d 866, 869 (Tex. App.—Texarkana 2006, no pet.) (construing motion to dismiss as plea to the jurisdiction). Substantively, appellees' arguments are the type of fundamental jurisdictional challenges one would expect to see asserted in a such a plea. *See, e.g.*, *Bland Indep. Sch. Dist.*, 34 S.W.3d at 553-54; *Galveston Mun. Police Ass'n*, 2011 WL 4920885, at *2 ("Issues

---

[5] *Drilltec Techs. v. Remp.*, 64 S.W.3d 212, 214 (Tex. App.—Houston [14th Dist.] 2001, no pet.).

of justiciability, such as mootness, ripeness, and standing, implicate a court's subject matter jurisdiction."). Thus, we conclude that the TCPA burden-shifting procedure is not a proper framework to analyze appellees' standing and mootness arguments, and we are not constrained to analyze those arguments under the TCPA rubric even though appellees brought them to the court's attention in the context of such a motion.[6]

2.      *Standards applicable to a jurisdictional plea*

Under the familiar framework applicable to a plea to the jurisdiction, a defendant may challenge the court's jurisdiction either on the pleadings or by evidence negating jurisdictional facts. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We first look to the pleadings to determine if the plaintiff has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *See id.* Whether a plaintiff has satisfied that burden is a question of law we review de novo. *Id.* at 226. Standing is determined at the time suit is filed. *See Tex. Ass'n of Bus.*, 852 S.W.2d at 446 n.9; *Turner v. Robinson*, 534 S.W.3d 115, 123 (Tex. App.—Houston [14th Dist.] 2017, pet. denied); *John C. Flood of DC, Inc. v. SuperMedia, L.L.C.*, 408 S.W.3d 645, 650 (Tex. App.—Dallas 2013, pet. denied). We construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the

---

[6] The Dallas Court of Appeals recently applied analogous reasoning to jurisdictional challenges raised in the context of a rule 91a motion to dismiss. *See Dallas Cty. Republican Party*, 2019 WL 4010776, at *4-5. There, a defendant moved to dismiss a plaintiff's claims under Texas Rule of Civil Procedure 91a, raising as grounds for dismissal: (1) lack of standing; (2) mootness; (3) lack of a violation of the election code; and (4) incorrect relief sought. *Id.* The trial court found that the plaintiff's requests for substantive relief were moot, granted the motion, dismissed the claims, and awarded mandatory attorney's fees to the defendant. *Id.* On appeal, the parties agreed the claims were moot but the defendant argued that it was nonetheless entitled to attorney's fees under rule 91a. *Id.* The court of appeals disagreed that the defendant could recover fees under rule 91a, because when the dismissal resulted from a lack of subject matter jurisdiction, "rule 91a is not the 'vehicle' by which the case is disposed." *Id.* at *5.

10

unchallenged factual jurisdictional allegations in the pleadings. *See Miranda*, 133 S.W.3d at 226. If the pleading is sufficient to demonstrate jurisdiction, and if the defendant does not challenge the plaintiff's factual allegations with supporting evidence, then our inquiry ends. *See id.* at 227-28; *see also City of Jacksboro v. Two Bush Cmty. Action Grp.*, No. 03-10-00860-CV, 2012 WL 2509804, at *5 (Tex. App.—Austin June 28, 2012, pet. denied) (mem. op.) ("[B]ecause [plaintiff] pleaded facts sufficient to affirmatively demonstrate the district court's subject-matter jurisdiction [and] because [defendant] has not challenged [plaintiff's] pleadings or its alleged jurisdictional facts . . . it was not necessary for [plaintiff] to produce evidence supporting its jurisdictional assertions.").

With these principles in mind, we turn to appellees' standing and mootness arguments.

3.    *Standing*

a.    Section 253.131

In his first amended petition, Buzbee cited section 253.131, which authorizes damages when a person knowingly makes or accepts a campaign contribution or makes a campaign expenditure in violation of chapter 253 of the Election Code. Tex. Elec. Code § 253.131(a). Though Buzbee did not cite a particular provision of chapter 253 that was violated by either appellee, he alleged generally that Clear Channel made campaign contributions to Turner's campaign in violation of the Election Code because the twenty-seven billboards displaying the "AlertHouston" message were in fact political advertisements for Turner, and that Turner violated the Election Code because he failed to report the value of the alleged advertisements as campaign contributions.

11

A person's right to recover damages depends on whether the contribution or expenditure was in support of another candidate, or in opposition to the claimant specifically. If the contribution or expenditure is made in support of a candidate, "each opposing candidate whose name appears on the ballot" is entitled to recover damages. *Id*. § 253.131(b). If, on the other hand, the contribution or expenditure is in opposition to a particular candidate, that candidate is entitled to recover damages. *Id*. § 253.131(c).

Although Buzbee cited both subsections 253.131(b) and (c) in his amended petition, the briefing and argument in the trial court focused primarily on the former provision, i.e., whether Buzbee was at the time of suit a candidate whose name "appears on the ballot." On appeal, however, Buzbee has abandoned any reliance on subsection 253.131(b) and argues only that he is entitled to damages under subsection 253.131(c). That subsection authorizes monetary relief in favor of a "candidate" against whom a campaign contribution or expenditure has been made in violation of the Election Code. Thus, only a candidate for public office could conceivably have any entitlement to monetary recourse for a statutory violation committed in opposition to that particular candidate. Buzbee clearly alleged that he was a "candidate for Mayor for the City of Houston," and appellees conceded as much during oral argument. We accept that jurisdictional fact as true. Buzbee also alleged that appellees "acted with the intent to harm," that is, in opposition to, his candidacy.

Buzbee's pleadings assert a concrete, particularized harm that distinguishes his alleged injury from that of the general public. *See Andrade v. NAACP of Austin*, 345 S.W.3d 1, 17-18 (Tex. 2011) (addressing standing for pursuing injunctive relief under Election Code section 273.081). Thus, his pleadings allege sufficient jurisdictional facts to demonstrate standing. *Miranda*, 133 S.W.3d at

225-26. As Clear Channel and Turner presented no evidence negating Buzbee's pleaded jurisdictional facts, our inquiry ends once we conclude, as we have, that his pleadings are sufficient. *Id.* at 227-28.

Additionally, because Buzbee's civil conspiracy claim was predicated on the alleged Election Code violations, if any, committed by Turner and Clear Channel, we further conclude that Buzbee's petition established standing to assert his conspiracy claim.[7]

### b. Section 273.081

Section 273.081 authorizes injunctive relief in favor of a person who is being harmed or is in danger of being harmed by a violation or threatened violation of the Election Code. Tex. Elec. Code § 273.081. To sue, the plaintiff must "show how he has been injured or damaged other than as a member of the general public" as a result of the alleged Election Code violation. *Andrade*, 345 S.W.3d at 17. As explained, Buzbee has met this pleading burden by alleging that he was a candidate for mayor and that appellees violated the Election Code in opposition to his candidacy. Thus, Buzbee had standing to seek injunctive relief in April 2019 when he filed suit.

We sustain Buzbee's second issue, in which he argues that he had standing to pursue his claims.

### 4. *Mootness*

Though the court had jurisdiction over Buzbee's suit at the time he filed it, the claim for injunctive relief may have become moot later, as appellees argue.

---

[7] In the trial court, Buzbee made clear that his civil conspiracy claim was directly tied to his allegations that Turner and Clear Channel had violated election law: "In short, if the allegations regarding Turner and Clear Channel's Election Code violations are sufficient, so are the conspiracy claims."

Appellees contend that Buzbee's request for injunctive relief was mooted by the removal of the challenged billboards before the June 2019 hearing.[8] Buzbee has acknowledged that any injunction could no longer provide effective relief, and we agree.

A case becomes moot when a justiciable controversy between the parties ceases to exist or when the parties cease to have a legally cognizable interest in the outcome. *See Williams*, 52 S.W.3d at 184. Mootness occurs when events make it impossible for the court to grant the relief requested or otherwise affect the parties' rights or interests. *See Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). When a case becomes moot, the court loses jurisdiction, because any decision would constitute an advisory opinion that is "outside the jurisdiction conferred by Texas Constitution article II, section 1." *Matthews v. Kountze Indep. Sch. Dist.*, 484 S.W.3d 416, 418 (Tex. 2016).

A defendant's voluntary cessation of challenged conduct does not, in itself, deprive a court of the power to hear or determine claims for prospective relief. *Id.* If it did, "defendants could control the jurisdiction of courts with protestations of repentance and reform, while remaining free to return to their old ways." *Id.* This would obviously defeat the public interest in having the legality of the challenged conduct settled. *Id.* Nonetheless, dismissal may be appropriate when subsequent events make "absolutely clear that the [challenged conduct] could not reasonably be expected to recur." *Bexar Metro. Water Dist. v. City of Bulverde*, 234 S.W.3d 126, 131 (Tex. App.—Austin 2007, no pet.) (internal quotation omitted). While that showing may or may not have been made as of the date of the trial court's order, all parties agreed during oral argument in our court that Buzbee's request for

---

[8] Our record contains no evidence when the billboards were removed but Buzbee does not dispute that they have been removed.

injunctive relief is moot now that the election is over.  Therefore, the merits of Buzbee's injunctive relief claim are not before us.  *See Heckman*, 369 S.W.3d at 162.

* * *

Because Buzbee had standing to assert a damage claim under subsection 253.131(c), the trial court could not have permissibly dismissed that claim on jurisdictional grounds.  We proceed to consider whether dismissal was appropriate under the TCPA as to Buzbee's claim for damages under section 253.131(c) and the related civil conspiracy theory, the only remaining live controversies for which Buzbee has standing.

## B.    TCPA Dismissal on the Merits

### 1.    *Applicable standards*

The TCPA contemplates an expedited dismissal procedure when a "legal action" is "based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association."  Tex. Civ. Prac. & Rem. Code § 27.003(a).  Clear Channel and Turner argued that Buzbee's suit was based on, related to, or in response to, the exercise of their rights of free speech or free association.  The TCPA's former version, applicable here, defined "the exercise of the right of free speech" as "a communication made in connection with a matter of public concern."  *Id.* § 27.001(3).  "Exercise of the right of association" means "a communication between individuals who join together to collectively express, promote, pursue, or defend common interests."  *Id.* 27.001(2).  A "'[c]ommunication' includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic."  *Id.* § 27.001(1).

15

In enacting the TCPA, the legislature explained that its overarching purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." *Id.* § 27.002. To effectuate the Act's purpose, the legislature has provided a procedure to expedite the dismissal of claims brought to intimidate or to silence a defendant's exercise of these protected rights. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019); *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 898 (Tex. 2017) (per curiam). In the first step, the party filing a motion to dismiss under section 27.003 of the TCPA bears the burden to show by a "preponderance of the evidence" that the "legal action" is "based on, relates to, or is in response to" the party's exercise of the right of free speech, right to petition, or right of association. Tex. Civ. Prac. & Rem. Code §§ 27.003(a), 27.005(b); *see also Coleman*, 512 S.W.3d at 898. If the movant satisfies this burden, the trial court must dismiss the lawsuit unless the non-movant "establishes by clear and specific evidence a prima facie case for each essential element of the claim in question." Tex. Civ. Prac. & Rem. Code § 27.005(c); *see also Coleman*, 512 S.W.3d at 899. The movant can still obtain dismissal, however, if it establishes "by a preponderance of the evidence each essential element of a valid defense to the nonmovant's claim." Tex. Civ. Prac. & Rem. Code § 27.005(d). In determining whether to dismiss an action, the trial court must consider "the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.* § 27.006(a).

We construe the TCPA liberally to effectuate its purpose and intent fully. *See Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018);

*Coleman*, 512 S.W.3d at 899; *Cox Media Grp., LLC v. Joselevitz*, 524 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2017, no pet.); Tex. Civ. Prac. & Rem. Code § 27.011(b). We consider de novo the legal questions of whether the Act applies and whether a non-movant has presented clear and specific evidence establishing a prima facie case of each essential element of the challenged claims. *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.). Under the de novo standard, we "make an independent determination and apply the same standard used by the trial court in the first instance." *Joselevitz*, 524 S.W.3d at 859.

2. *Buzbee's prima facie burden as a TCPA non-movant*

On appeal, Buzbee does not challenge the TCPA's applicability, so we presume without deciding that Clear Channel and Turner met their burden under step one to prove the Act applies to Buzbee's claims. *See N. Cypress Med. Ctr. Operating Co. GP, LLC v. Norvil*, 580 S.W.3d 280, 285 (Tex. App.—Houston [1st Dist.] 2019, pet. denied). The burden shifted to Buzbee to establish by clear and specific evidence a prima facie case for each essential element of his claims. *See* Tex. Civ. Prac. & Rem. Code § 27.005(c); *Coleman*, 512 S.W.3d at 899. Clear Channel and Turner argue that Buzbee did not—and could not under any circumstance—meet his burden because he failed to attach any evidence to his response. The lack of "formal" evidence, according to appellees, is fatal to Buzbee's claim at this stage. For his part, Buzbee contends in his first and third appellate issues that he may rely solely on his pleading to meet his prima facie evidentiary burden under the TCPA. He cites section 27.006, which provides that courts are to consider "the pleadings" and supporting and opposing affidavits when determining whether to dismiss an action. Tex. Civ. Prac. & Rem. Code § 27.006(a).

It is well-established by now that a TCPA *movant* need not necessarily provide evidence beyond the plaintiff's pleading to establish the TCPA's applicability. *See, e.g.*, *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) ("When it is clear from the plaintiff's pleadings that the action is covered by the Act, the defendant need show no more."); *Abatecola v. 2 Savages Concrete Pumping, LLC*, No. 14-17-00678-CV, 2018 WL 3118601, at *8 (Tex. App.—Houston [14th Dist.] June 26, 2018, pet. denied) (mem. op.) (citing *Hersh*, 526 S.W.3d at 467); *In re Elliott*, 504 S.W.3d 455, 462 (Tex. App.—Austin 2016, orig. proceeding) (TCPA does not require a movant to present testimony or other evidence to satisfy his evidentiary burden); *Hicks v. Grp. & Pension Adm'rs, Inc.*, 473 S.W.3d 518, 526 (Tex. App.—Corpus Christi 2015, no pet.) (same); *Serafine*, 466 S.W.3d at 360 (same). This is because "the plaintiff's petition, as has been said, is the best and all-sufficient evidence of the nature of the action." *Hersh*, 526 S.W.3d at 467 (internal quotations omitted).

However, the parties are sharply divided on whether a TCPA *non-movant* may rely solely on the allegations in his pleading to meet his prima facie burden. As appellees observe, generally pleadings are not evidence. *See, e.g.*, *Hidalgo v. Surety Sav. & Loan Ass'n*, 462 S.W.2d 540, 545 (Tex.1971); *Tandan v. Affordable Power, L.P.*, 377 S.W.3d 889, 895 (Tex. App.—Houston [14th Dist.] 2012, no pet.). This is because assertions in a petition are nothing more than allegations. *See Hidalgo*, 462 S.W.2d at 543 ("Pleadings simply outline the issues; they are not evidence, even for summary judgment purposes.").

For TCPA purposes, however, pleadings are evidence, and the court must consider them in deciding a motion to dismiss. Tex. Civ. Prac. & Rem. Code

§ 27.006 (entitled, "Evidence");[9] *O'Hern v. Mughrabi*, 579 S.W.3d 594, 602 (Tex. App.—Houston [14th Dist.] 2019, no pet.); *Reeves v. Harbor Am. Cent., Inc.*, 552 S.W.3d 389, 393 (Tex. App.—Houston [14th Dist.] 2018, no pet.). According to Buzbee, our duty is to analyze his live pleading as evidence and determine whether it sufficiently alleges each element of his claims. If we conclude that it does, Buzbee says we must hold that he met his prima facie burden.

Although a court must consider pleadings as evidence in determining whether to grant a TCPA dismissal motion, we conclude that allegations in a petition are not alone sufficient to defeat such a motion. In *Lipsky*, the Supreme Court of Texas held that presenting "clear and specific evidence" of "each essential element" of a claim means that "a plaintiff must provide enough detail to show the factual basis for its claim." *Lipsky*, 460 S.W.3d at 591. Further, a "prima facie case" means evidence that is legally sufficient to establish a claim as factually true if it is not countered. *Id.* at 590. In other words, "prima facie" generally refers to the amount of evidence that is sufficient as a matter of law "to support a rational inference that an allegation of fact is true." *Id.*; *see also Schimmel v. McGregor*, 438 S.W.3d 847, 855 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *KTRK Television, Inc. v. Robinson*, 409 S.W.3d 682, 688 (Tex. App.—Houston [1st Dist.] 2013, pet. denied). Black's Law Dictionary defines "prima facie case" as "[a] party's production of enough evidence to allow the fact-trier to infer the fact at issue and rule in the party's favor." *See* "prima facie case," Black's Law Dictionary (11th ed. 2019). Illustrative of that thinking, the court in *Lipsky* offered an example: "[i]n a defamation case that implicates the TCPA, pleadings *and evidence* that establishes the facts of when, where, and what was said, the defamatory nature of the statements, and how they damaged the plaintiff should be

---

[9] This is so at least under the version applicable to this appeal. The legislature has amended section 27.006, which is now titled "Proof."

sufficient to resist a TCPA motion to dismiss." *Lipsky*, 460 S.W.3d at 591 (emphasis added). *Lipsky*'s discussion of the proper standard for overcoming a TCPA motion to dismiss strongly suggests that a mere allegation itself is not sufficient and that something supporting the allegation is required.

Indeed, the TCPA, which creates an accelerated merits-screening function, could hardly be served if the party seeking to avoid dismissal is not required to present even a scintilla of evidence in support of his allegations. The TCPA's purpose is to weed out unmeritorious claims at an early stage. *See, e.g.*, *Hearst Newspapers, LLC v. Status Lounge Inc.*, 541 S.W.3d 881, 892 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing Tex. Civ. Prac. & Rem. Code § 27.002; *Lipsky*, 460 S.W.3d at 586). To allow a claimant or counter-claimant to avoid dismissal simply by pleading claims with a high level of detail or clarity but without offering any proof that the allegations are true, would not serve the TCPA's stated purpose. Under Buzbee's proposed rule, an action might be unsupported by even a shred of proof—and thus be unmeritorious—yet easily survive dismissal, rendering the TCPA oddly inept at accomplishing its principal goal.

The parties cite no case in which a court held that a TCPA motion was properly denied because a non-movant met its prima facie burden by relying solely on its petition. Buzbee's position contravenes a multitude of cases where this court and others, while acknowledging the obligation to consider the pleadings as evidence, noted the non-movant's reliance on additional evidence. *See Bass v. United Dev. Funding, L.P.*, No. 05-18-00752-CV, 2019 WL 3940976, at *17 n.20 (Tex. App.—Dallas Aug. 21, 2019, pet. denied) (mem. op.) (relying on petition "as well as numerous affidavits—from its business counterparts, employees, investors, and a forensic accounting expert"); *Breakaway Practice, LLC v. Lowther*, No. 05-

20

18-00229-CV, 2018 WL 6695544, at *2 (Tex. App.—Dallas Dec. 20, 2018, pet. denied) (mem. op.) (relying on verified rule 202 petition and "attached Facebook post"); *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied) (relying on live pleadings and affidavits); *Fawcett v. Grosu*, 498 S.W.3d 650, 660 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (TCPA non-movant permitted to rely on pleadings and attached exhibits in response to motion to dismiss); *Martin v. Bravenec*, No. 04-14-00483-CV, 2015 WL 2255139, at *7 (Tex. App.—San Antonio May 13, 2015, pet. denied) (mem. op.) (relying on pleading, notice of lis pendens, and evidence and testimony from hearing).

We are aware of one court of appeals that has stated that the TCPA "allows a nonmovant to rely on its pleading to establish a prima facie case." *Rogers v. Soleil Chartered Bank*, No. 02-19-00124-CV, 2019 WL 4686303, at *7 (Tex. App.—Fort Worth Sept. 26, 2019, no pet.) (mem. op.). The court went on to caution, however, that a party who chooses to rely only on its pleading "gambles that the often-times conclusory and sketchy allegations of a notice pleading will not satisfy the clear and specific burden of establishing a prima facie case." *Id.* The *Rogers* court ultimately concluded that the non-movant's "gamble did not pay off," because the non-movant's pleading lacked the specificity necessary to establish a prima facie case for each of the non-movant's claims. *Id. Rogers* upheld dismissal in that case not because the plaintiff failed to present evidence, but because the petition allegations were too conclusory. To the extent *Rogers* holds that allegations alone would suffice to support a non-movant's prima facie case, *Rogers* is not binding on this court, and we respectfully disagree.

Buzbee also asserts that the appropriate standard of review for TCPA dismissal motions requires that we accept his allegations as true and for that reason no additional evidence is needed. We think Buzbee reads too much into the

standard of review. In determining whether the TCPA applies in the first instance, a court may look solely to a plaintiff's pleading and, in doing so, accept the allegations as true insofar as they describe the nature of the claims. *See Hersh*, 526 S.W.3d at 467. To be sure, in the second step, we view the pleadings and the evidence in the light most favorable to the non-movant. *See Stallion Oilfield Servs., Ltd. v. Gravity Oilfield Servs., LLC*, 592 S.W.3d 205, 214 (Tex. App.—Eastland 2019, pet. denied); *Brugger v. Swinford*, No. 14-16-00069-CV, 2016 WL 4444036, at *2 (Tex. App.—Houston [14th Dist.] Aug. 23, 2016, no pet.) (mem. op.); *Cheniere Energy, Inc. v. Lotfi*, 449 S.W.3d 210, 214-15 (Tex. App.—Houston [1st. Dist.] 2014, no pet.). But accepting all allegations as true for purposes of establishing a prima facie case—without concomitantly demanding evidence that is legally sufficient to establish the allegations as factually true if it is not countered, *see Lipsky*, 460 S.W.3d at 590—would nullify the very purpose of the TCPA's burden-shifting mechanism. Indeed, the burden would never shift at all.

We therefore reject Buzbee's argument that he may satisfy his prima facie evidentiary burden under the TCPA by relying solely on the allegations in his petition. Once the court is satisfied that the Act applies and the burden shifts to the non-movant, the TCPA requires something beyond allegations in the pleading "to support a rational inference that an allegation is true." *Id.* Allegations alone are not sufficient.

Because Buzbee did not present clear and specific evidence to establish a prima facie case for his Election Code claim, Clear Channel and Turner were entitled to dismissal of that claim, as well as the civil conspiracy allegation. We overrule Buzbee's first and third issues as those issues pertain to the trial court's ruling on the merits of Buzbee's live claims.

## C. Buzbee's Request for Additional Discovery

In a final issue, Buzbee challenges as an abuse of discretion the trial court's refusal to allow limited and narrowly targeted discovery. Emphasizing *In re SSCP Management, Inc.*, 573 S.W.3d 464, 471 (Tex. App.—Fort Worth 2019, orig. proceeding), Buzbee argues that good cause existed to permit the discovery because the evidence appellees contend Buzbee has failed to present is exclusively in their control. In response, appellees argue that Buzbee's request was untimely, he failed to show good cause, he represented that he needed no discovery because his allegations were sufficient, he obtained no ruling, and discovery is unnecessary because Buzbee has no live claims. We agree with appellees that, because Buzbee stated that he did not need discovery to prove his prima facie case but requested it only if the court disagreed, the court did not abuse its discretion in dismissing the claim without allowing discovery. We address only that point because it is dispositive. Tex. R. App. P. 47.1.

"[A]ll discovery in the legal action" is generally suspended when a party files a TCPA motion to dismiss. Tex. Civ. Prac. & Rem. § 27.003(c). However, on a party's motion or on the court's own motion, and on a showing of good cause, section 27.006(b) affords the court discretion to "allow specified and limited discovery relevant to the motion." *Id.* § 27.006(b). We review the denial of a motion for discovery under the TCPA for abuse of discretion. *Walker v. Schion*, 420 S.W.3d 454, 458 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

In his response, Buzbee requested the opportunity for limited discovery "should the court be inclined to grant dismissal." At the hearing, the parties discussed Buzbee's request for additional discovery to support his claims. Buzbee's attorney argued, "I've alleged facts that have to be accepted as true. I don't have to have an affidavit to support it, any of that stuff. . . . And obviously

23

I'm here today standing on my first amended petition. . . . [B]ut what I'm allowed to do in the interim, if I show good cause -- and I think I have -- is to get very limited discovery." Along those lines, Buzbee reiterated in his supplemental brief: "To unearth that evidence, *if* it is necessary at this stage, Mr. Buzbee seeks two depositions—that of a Clear Channel corporate representative and of Mr. Turner— and limited document discovery." The trial court did not rule expressly on Buzbee's request before signing the orders at issue, which dismissed Buzbee's claims without allowing any discovery.

Buzbee argued that he could meet his prima facie case by relying exclusively on the allegations in his petition. He sought discovery only if the court disagreed with his premise that pleadings alone are sufficient to defeat a TCPA motion to dismiss and that, based on his pleading, he met his prima facie burden. The TCPA, however, states that the trial court "shall dismiss" the action if the plaintiff fails to meet his evidentiary burden. Tex. Civ. Prac. & Rem. Code § 27.005. As this court has stated, the Act "does not authorize the trial court to permit discovery *after* concluding that the plaintiff's evidence falls short." *Landry's, Inc. v. Animal Legal Def. Fund*, 566 S.W.3d 41, 69 (Tex. App.— Houston [14th Dist.] 2018, pet. denied). We therefore conclude that the trial court did not abuse its discretion in denying Buzbee's conditional request for discovery, and we overrule Buzbee's fourth and final issue.

## Conclusion

We affirm the trial court's judgment.



/s/     Kevin Jewell
Justice

Panel consists of Justices Christopher, Jewell, and Zimmerer.